# IN THE COURT OF CRIMINAL APPEALS

## AT KNOXVILLE

### APRIL 1997 SESSION

FILED

July 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9606-CC-00229 |
| Appellee, | ) | |
| | ) | GREENE COUNTY |
| VS. | ) | |
| | ) | HON. JAMES E. BECKNER, |
| | ) | JUDGE |
| JOSEPH L. FLETCHER, | ) | |
| | ) | (Driving Under the Influence-2nd |
| Appellant. | ) | Offense) |

FOR THE APPELLANT:                FOR THE APPELLEE:

WILLIAM H. BELL                         JOHN KNOX WALKUP
P.O. Box 1876                               Attorney General & Reporter
Greeneville, Tennessee 37743

                                                    TIMOTHY F. BEHAN
                                                    Assistant Attorney General
                                                    450 James Robertson Parkway
                                                    Nashville, Tennessee 37243-0493


                                                    C. BERKELEY BELL, JR.
                                                    District Attorney General


                                                    ERIC D. CHRISTIANSEN
                                                    Assistant District Attorney General
                                                    113-J West Church St.
                                                    Greeneville, TN 37743




OPINION FILED: _____



AFFIRMED


JOE G. RILEY,
JUDGE

**OPINION**

Defendant, Joseph L. Fletcher, appeals as of right a jury conviction for driving under the influence (DUI), second offense. He was sentenced to eleven months and twenty-nine days and fined $610. Fletcher presents four issues for our review: 1) whether the evidence was sufficient to sustain the conviction; 2) whether the state is required to prove a culpable mental state for a DUI conviction; 3) whether the trial court abused its discretion in allowing testimony about certain drugs; and 4) whether the sentence is excessive. We affirm the judgment of the trial court.

**FACTS**

The facts of this case involve a two-vehicle collision where defendant rear-ended two individuals, Mr. and Ms. Musick, occupying another car. On August 19, 1994, the Musicks were traveling on U.S. Highway 11-E Bypass. Mr. Musick, the driver, came to a red light and stopped. Mr. and Ms. Musick then heard a "squealling" sound of tires behind them which was followed by the impact of defendant's van with the rear of their vehicle. Defendant and Mr. Musick got out of their vehicles to assess the damage. Musick observed defendant "barefooted and sort of limping" and "mumbling around, like he was real nervous." They returned to their respective vehicles where Musick noticed defendant doing something with a red bag. When police arrived Musick informed the officer that he thought defendant had been drinking.

Officer Todd Shelton of the Greeneville Police Department responded to the accident. He observed defendant as "unsteady on his feet" and needing to "lean on the side of the van to hold himself up." Officer Shelton asked defendant if he had been drinking or was on any drugs. Defendant indicated that he had not had anything to drink; however, the response to the taking of drugs was muffled and unclear. Officer Shelton did not perform certain field sobriety tests due to defendant's leg and back disability. Nevertheless, Officer Shelton concluded defendant was "definitely impaired" and placed him under arrest.

Officer Shelton later found in defendant's vehicle a red gym bag containing several prescription medication bottles. He listed the medication as dilantin, amitriptylin, lorazepam, methocarbamol, and monopril. Shelton then had defendant's vehicle towed, explained the implied consent form to which defendant agreed, and took defendant to the hospital where his blood was drawn. After receiving the blood sample, Shelton requested an alcohol and drug screen from the Tennessee Bureau of Investigation (TBI).

Janice Gangwer, a TBI toxicologist, analyzed the blood sample. Her analysis revealed that defendant's blood contained diazepam, nordiazepam, butalbital, phenobarbital, and phenytoin. She classified the drugs as central nervous system depressants capable of impairing one's driving ability.

Defendant testified on his own behalf. He testified regarding injuries from a car, motorcycle, and gun accident which ultimately resulted in his current epileptic condition. He admitted to taking medication that evening, but stated that the bag contained his wife and son's medications as well. He had taken the medication, laid down for a couple of hours, and then commenced to drive. He stated that he went down below the bypass and the next thing he remembered was being in the police car.

Mike Fincher, a correctional officer for the local detention center, also testified for the defense. As the intake officer that filled out defendant's paperwork, Fincher described an intake card to which defendant had responded. It indicated that defendant experienced epileptic seizures, breathing problems, back pain and had a leg gunshot wound. Fincher further observed that defendant was "unsteady on his feet."

Earl Fletcher, defendant's father, provided additional testimony for the defense. He had witnessed some of defendant's previous seizures.

## SUFFICIENCY OF THE EVIDENCE

3

Defendant contends the evidence was insufficient to prove guilt beyond a reasonable doubt. In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn.1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. Id.; State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. Id.

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

The testimony at trial consisted of several witnesses that observed defendant's behavior on the night in question. Each witness relayed the same story that defendant was unsteady on his feet and appeared unable to drive. The alcohol and drug screen revealed five different central nervous system depressants or drugs in defendant's system. Although the defense strategy at trial emphasized defendant's epileptic state as the cause of the accident, this did not negate his admitted testimony of taking drugs whose cumulative effect severely hampered his driving. The nature of the accident itself, the several eyewitness observations, and the drug screen provide more than sufficient proof to convince a reasonable juror beyond a reasonable doubt that defendant was driving under the influence of an

4

intoxicant. This issue is without merit.

## REQUIREMENT OF MENTAL STATE FOR DUI

In order to sustain a DUI conviction, defendant argues the state was required to prove his *mens rea*. He contends that taking prescription drugs within the normal range does not provide the necessary culpable mental state as defined in Tenn. Code Ann. § 39-11-301 (a),(b).[1] He argues, in effect, that as a lawful user of these drugs he cannot be guilty of DUI. It is no defense to DUI that the defendant is entitled to use such drugs. Tenn. Code Ann. §55-10-402. This Court has previously held that "there is no culpable mental state required for guilt of DUI." State v. Turner, 1996 WL 555237, *2 No. 03C01-9510-CC-00321 (Tenn. Crim. App. filed October 1, 1996, at Knoxville); see also State v. Fiorito, C.C.A. No. 03C01-9401-CR-00032, Blount County (Tenn. Crim. App. filed November 27, 1995, at Knoxville). Regardless of whether defendant intended to drive under the influence of these drugs, he chose to drive and his ability to drive was clearly impaired. Accordingly, this issue is without merit.

## ABUSE OF DISCRETION

Defendant next argues that the trial court abused its discretion by allowing Officer Shelton to testify regarding the drugs that were found in defendant's possession. Since these drugs were not found in his blood, defendant contends they were irrelevant and highly prejudicial. Tenn. R. Evid. 403.

Trial courts have a wide degree of discretion when determining whether to admit or exclude relevant evidence and will be reversed only for an abuse of that discretion. See State v. Forbes, 918 S.W.2d 431, 439 (Tenn. Crim. App. 1995).

---

[1] A person commits an offense who acts intentionally, knowingly, recklessly or with criminal negligence.

"Relevant evidence" is evidence "having any tendency to make the existence of any fact more probable or less probable than it would have been without the evidence." Tenn. R. Evid. 401.

Officer Shelton testified that he found several bottles of prescription drugs in a red bag in defendant's vehicle. He started to list the drugs beginning with dilantin and defense counsel objected attempting to limit the testimony to those drugs specifically found in defendant's blood. The objection was overruled. The TBI toxicologist later testified as to the actual amount of medications found in defendant's blood. She found .5 micrograms of diazepam, .18 micrograms of nordiazepam, 13 micrograms of butalbital, and noted the presence of phenobarbital and phenytoin.

Absent a showing that the drugs listed by Officer Shelton were derivatives of the drugs found by the toxicologist, we agree that it was error to admit such testimony. However, given defendant's admission of taking drugs prior to driving and the other evidence against him, the fact that he had other drugs in his possession had no harmful influence upon the verdict. Tenn. R. App. P. 36(a); see also State v. Street, 1996 WL 529993, C.C.A. No. 01C01-9508-CC-00257 (Tenn. Crim. App. filed September 19, 1996, at Nashville). This issue is without merit.

## EXCESSIVE SENTENCE

Defendant finally attacks the propriety of his sentence. This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

Under the 1989 Act, sentences which involve confinement are to be based on the following considerations contained in Tenn. Code Ann. §40-35-103(1):

> (A) confinement is necessary to protect society
> by restraining a defendant who has a long history
> of criminal conduct;
>
> (B) confinement is necessary to avoid depreciating
> the seriousness of the offense or confinement is
> particularly suited to provide an effective deterrence
> to others likely to commit similar offenses; or
>
> (C) measures less restrictive than confinement have
> frequently or recently been applied unsuccessfully to
> the defendant . . . .

See State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

Misdemeanor sentencing is controlled by Tenn. Code Ann. § 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. See State v. Palmer, 902 S.W.2d 391 (Tenn. 1995). One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

After the guilty verdict of driving under the influence, the defendant stipulated this was his second offense DUI. A conviction for driving under the influence, second offense, is a misdemeanor for which defendant could receive 45 days to eleven months and twenty-nine days and a fine between $600 and $3500. Defendant was fined $610 and received eleven months and twenty-nine days with a 30% minimum program eligibility. The trial court found that the defendant had a history of prior convictions consisting of assault, resisting arrest, and driving on a suspended license. Tenn. Code Ann. §40-35-114(1). Furthermore, the trial court found that this crime was committed under circumstances for which the potential for bodily injury to the victims was great. Tenn. Code Ann. §40-35-114(16). The trial court specifically and properly rejected the mitigating factors suggested by the defendant and recited the various principles of sentencing. Defendant has not overcome the presumption of correctness of the sentence. This issue is without merit.

The judgment of the trial court is AFFIRMED.

_____
JOE G. RILEY, JUDGE

CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
CHRIS CRAFT, SPECIAL JUDGE