**STATE of Tennessee, Appellant,**

v.

**Charles R. PALMER, Appellee.**

Supreme Court of Tennessee,
at Knoxville.

June 5, 1995.

Charles W. Burson, Atty. Gen. & Reporter and Kathy Morante, Deputy Atty. Gen., Nashville, for appellant.

Deborah Black Huskins, Asst. Public Defender, Johnson City, for appellee.

## OPINION

WHITE, Justice.

The State of Tennessee appeals from the Court of Criminal Appeals' modification of the appellee Charles Palmer's sentence for the offense of driving under the influence of an intoxicant (DUI). This case requires us to address for the first time whether the Criminal Sentencing Reform Act of 1989 precludes a trial court from ordering that a DUI defendant serve more than seventy-five percent of the sentence. We find that it does not, and therefore, reverse the judgment of the Court of Criminal Appeals and reinstate the judgment of the trial court.

Charles Palmer was convicted of fourth offense driving under the influence of an intoxicant. The trial court sentenced Palmer to eleven months and twenty-nine days in the Washington County jail—the maximum sentence allowed under Tennessee Code Annotated Section 55–10–403. The court ordered Palmer to serve the entire sentence in confinement. Palmer appealed to the Court of Criminal Appeals alleging that the Criminal Sentencing Reform Act prohibits a trial court from ordering a DUI defendant to serve one hundred percent of the sentence. A majority of the Court of Criminal Appeals agreed and modified the sentence. We granted the state's application for permission to appeal in order to address the sentencing issue of first impression.

In 1989, our legislature enacted comprehensive penal and sentencing reform legislation as proposed by the Tennessee Sentencing Commission. Prior modifications had focused on either the substantive criminal law or sentencing provisions, but this revision was aimed at accomplishing a "unified approach" in order to assure that "a clear relationship between the definition of an offense and the sentence for that offense" ex-

isted. Sent. Comm'n Comments, Tenn.Code Ann. § 40–35–101 (1990 Repl.).

That impetus, and the goals the Act were intended to accomplish, Tenn.Code Ann. § 40–35–102 (1994 Supp.), clearly establish a legislative intent to subsume the entire field of criminal law and sentencing in Tennessee. Illustrative of this intent is the legislative directive found in Tennessee Code Annotated Section 40–35–104. That statute, which sets out the sentencing alternatives available, provides that a "defendant convicted of a felony or a misdemeanor in this state shall be sentenced in accordance with *this* chapter." Tenn.Code Ann. § 40–35–104(a) (1994 Supp.) (emphasis added). Likewise, in section 117, the legislature declares that "[a]ll persons who commit crimes on or after November 1, 1989, shall be ... sentenced under the provisions of *this* chapter." Tenn.Code Ann. § 40–35–117(a) (1990 Repl.) (emphasis added).

As part of the Criminal Sentencing Reform Act, the legislature addressed the topic of misdemeanor sentencing. Section 302 sets forth the procedure for misdemeanor sentencing and also addresses the available alternatives. Tenn.Code Ann. § 40–35–302 (1994 Supp.). It reiterates that the misdemeanor defendant's sentence *"shall* [be] consistent with the purposes and principles" of the Act. *Id.* at –302(b).

In sentencing a misdemeanor defendant, the trial judge is required to "fix a percentage of the sentence which the defendant shall serve." Tenn.Code Ann. § 40–35–302(d) (1994 Supp.). That percentage must range from zero to seventy-five percent. After service, the defendant "shall be eligible for consideration" for rehabilitation programs. *Id.* Thus, a misdemeanor defendant may be sentenced to the maximum term for the appropriate class,[1] but by statute, must be deemed **eligible for consideration** for work release, furlough, trusty status, and related rehabilitative programs after service of no more than seventy-five percent of that sentence. While the cap of seventy-five percent may seem odd initially, it implements the purposes of the Criminal Sentencing Re-

---

**1.** Under Tennessee Code Annotated Section 40–35–111(e) misdemeanors are classified as class A, B, or C offenses with punishment ranging from

eleven months and twenty-nine days to thirty days, respectively. Tenn.Code Ann. § 40–35–1111(e)(1), (2), (3) (1990 Repl.).

form Act, Tenn.Code Ann. §§ 40–35–102 & –103 (1990 Repl. & 1994 Supp.), and is consistent with the felony sentencing scheme.[2] More importantly, the percentage set by the court for eligibility consideration, like that set for the sentenced felon, establishes only **eligibility** for release. It does not establish **entitlement** to release.

Thus, the Criminal Sentencing Reform Act of 1989 requires three things of trial judges sentencing misdemeanor offenders. First, all misdemeanor offenders must be sentenced in accordance with the principles, purposes, and goals of the Act. Tenn.Code Ann. §§ 40–35–104, –117 & –302 (1990 Supp. & 1994 Repl.). It naturally follows, then, that the sentence must be within the penalty provided for the offense. Tenn Code Ann. §§ 40–35–111(e)(1)(2) & (3) (1990 Repl.). Second, the court must either conduct a sentencing hearing or provide an opportunity for the parties to be heard on the length and manner of service of the sentence. Tenn. Code Ann. § 40–35–302(a) (1994 Supp.). Third, in addition to setting the sentence based on the principles, purposes, and goals of the Act, the court must set a release eligibility percentage which cannot exceed seventy-five percent of the imposed sentence. *Id.* at (d). Alternatively, the court can grant probation immediately or after a period of split or continuous confinement. *Id.* at (e).

Prior to the enactment of the 1989 Criminal Sentencing Reform Act, sentencing provisions were scattered throughout the Code. One such provision, enacted as part of the Tennessee Comprehensive Correction Improvement Act of 1985, is found in Tennessee Code Annotated Section 41–21–236. That section, entitled "Sentence reduction credits," is obviously not a part of chapter 35, the chapter which contains the Tennessee Criminal Sentencing Reform Act of 1989. It requires that a percentage of thirty to one hundred percent be specified for confinement in misdemeanor cases. Tenn.Code Ann. § 41–21–236(f)(4) (1990 Repl.). The state suggests that the statute remains a viable sentencing alternative for trial judges sentencing misdemeanor offenders, thus provid-

ing the trial judge with a choice between that statute and the provisions of the Criminal Sentencing Reform Act. We disagree.

 The statement of the legislative purposes and intent in the Criminal Sentencing Reform Act of 1989, which provides that all convicted defendants *"shall* be sentenced in accordance" with the Act, impliedly repeals subsection 236(f)(4). A statute is implicitly repealed by a subsequent statute if the two statutes are in irreconcilable conflict. *Jenkins v. Loudon County,* 736 S.W.2d 603, 608 (Tenn.1987). Subsection 236(f)(4) directly and irreconcilably conflicts with Tennessee Code Annotated Sections 40–35–104, –117, and –302. Consequently, we reject the state's argument that a misdemeanor offender must be sentenced either under the Criminal Sentencing Reform Act of 1989 or under prior provision included in the Sentence reduction credits statute. Our legislature has made it very clear that persons who commit criminal offenses in Tennessee must be sentenced pursuant to the provisions of the Criminal Sentencing Reform Act of 1989. Section 236(f)(4) has no further application to misdemeanor offender sentencing.

 Having concluded that a misdemeanor offender's sentence must be in accord with the Criminal Sentencing Reform Act of 1989 and may not be pursuant to a prior statute impliedly repealed by the Act, we turn to the relevant statutes and the facts of this case. Palmer was convicted of fourth offense driving under the influence of an intoxicant. The statute pertaining to that offense, Tennessee Code Annotated Section 55–10–403(a)(1), provides for a maximum punishment of eleven months and twenty-nine days for the offense of driving under the influence of an intoxicant. Mandatory minimum periods for confinement are set for each offense. Specifically, "[f]or the third or subsequent offense ... the person ... shall be *confined* for not less than one hundred twenty (120) days nor more than eleven (11) months and twenty-nine (29) days." Tenn. Code Ann. § 55–10–403(a)(1) (1994 Supp.) (emphasis added). Additionally, the section

---

2. Defendants sentenced under the Criminal Sentencing Reform Act for felony offenses are designated as especially mitigated, standard, multiple, persistent, or career offenders in either range one or two. Tenn.Code Ann. §§ 40–35–105, –109 & –112 (1990 Repl. & 1994 Supp.). Release eligibility is based upon those designations. Tenn.Code Ann. § 40–35–501 (1994 Supp.).

provides that "[n]othing in ... the Sentencing Reform Act of 1989, shall be construed as altering, amending or decreasing the penalties established in this section for the offense of driving under the influence of an intoxicant." Tenn.Code Ann. § 55–10–403(m) (1994 Supp.). Thus, the Criminal Sentencing Reform Act specifically does not apply to DUI sentences in those particulars in which the application of the Act would serve to alter, amend, or decrease the penalties specifically provided for DUI.

The trial judge in this case sentenced Palmer to serve eleven months and twenty-nine days for fourth offense driving under the influence of an intoxicant. He did not set a percentage from zero to seventy-five percent as mandated in Tennessee Code Annotated Section 40–35–302 at which Palmer would be eligible for consideration for rehabilitative program release. However, to require a trial judge in a DUI case to set such a percentage has the potential to alter or decrease the mandatory minimum and maximum penalty provisions for DUI. For example, if a judge sentenced a fourth DUI offender to eleven months and twenty-nine days but set a percentage for service at thirty percent or less, the defendant could be released at the discretion of the "administrative authority governing the rehabilitative program" in less than the mandatory minimum time of one hundred twenty days. Tenn.Code Ann. § 40–35–302(d) (1994 Supp.). Further, any of the percentages authorized by statute (zero to seventy-five percent) would potentially decrease the maximum penalty allowed for DUI in violation of Tennessee Code Annotated Section 55–10–403(m). As a result, we conclude that the trial judge was legally authorized to impose the sentence he did in this case.

In summary, misdemeanor offenders in Tennessee must be sentenced in accordance with the Criminal Sentencing Reform Act of 1989. Specifically, a misdemeanor offender must be sentenced to an authorized determinant sentence. Further, a percentage of that sentence, which the offender must serve before becoming eligible for consideration for rehabilitative programs, must be designated. While DUI offenders must also be sentenced

in accordance with the Act, the legislature has specifically excluded DUI offenders from the provisions of the Act when the application of the Act would serve to either alter, amend, or decrease the specific penalties provided for DUI offenders. A trial judge may designate a service percentage in a DUI case under Tennessee Code Annotated Section 40–35–302(d) but that percentage may not operate to reduce the mandatory minimum sentencing provisions of the DUI statute. Consequently, a DUI offender can be sentenced to serve the entire eleven month and twenty-nine day sentence imposed as the maximum punishment for DUI so long as the imposition of that sentence is in accordance with the principles and purposes of the Criminal Sentencing Reform Act of 1989.

We, therefore, reverse the judgment of the Tennessee Court of Criminal Appeals in this matter and reinstate the judgment of the trial court.

ANDERSON, DROWOTA, REID and BIRCH, JJ., concur.