# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## DECEMBER 1997 SESSION

FILED

January 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9608-CC-00248 |
| Appellee, | ) | |
| | ) | HENRY COUNTY |
| VS. | ) | |
| | ) | HON. JULIAN P. GUINN, |
| THOMAS BURLENE LOWERY, JR., | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |


**FOR THE APPELLANT:**

**VICKI H. HOOVER**
123 North Poplar Street
Paris, Tennessee 38242


**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**SARAH M. BRANCH**
Assistant Attorney General
Cordell Hull Building - 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**G. ROBERT RADFORD**
District Attorney General

**VICKI S. SNYDER**
Assistant District Attorney General
111 Church St., P. O. Box 686
Huntingdon, TN 38344-0686


**OPINION FILED:** _____


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**

## OPINION

The appellant, Thomas Burlene Lowery, Jr., appeals from the sentence imposed upon a jury verdict of driving under the influence, third offense, entered by the Circuit Court of Henry County. The appellant contends the trial court erred in imposing an excessive sentence and denying probation. We affirm the judgment of the trial court.

## FACTUAL BACKGROUND

Although sufficiency of the evidence is not at issue, some factual background may prove instructive. On October 21, 1995, Henry County DUI Task Force Officer, David Powell, arrested the appellant and charged him with DUI. Appellant was subsequently indicted for DUI, third offense.

At trial, Officer Powell testified that appellant was driving in the wrong lane of the roadway and crossed the center line a total of five times before he was stopped. He also testified that appellant performed poorly during the roadside sobriety tests and refused the breath test.

The appellant testified that he had been to a local nightclub, but that he had only two beers from 8:00 p.m. until midnight. Appellant denied having driven on the wrong side of the road and contended that he had performed as instructed on the sobriety tests.

It is apparent the jury found appellant to be untruthful. The jury returned a verdict of guilty. Shortly after the verdict, the trial court announced it would "hear anything that you want me to hear before I impose sentence in this case." Defense counsel made a brief statement asking for leniency and placement in a "rehab center." There was no request for a continuance of the sentencing hearing nor an objection to the court's proceeding. The court imposed a fine of $1,100 pursuant to a pre-trial agreement between the state and appellant. The court also imposed a sentence of eleven (11) months and twenty-nine (29) days and authorized

rehabilitation for alcoholism after he had served 150 days. The court also stated that if appellant successfully completed the alcohol program, the remainder of his sentence would be suspended upon the appellant's motion.

## SENTENCING

The standard of review for the sentence of a trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles of the Criminal Sentencing Reform Act and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Misdemeanor sentencing must also be in accordance with the Criminal Sentencing Reform Act. State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995).

Appellant complains the trial court refused to allow counsel time to prepare for a sentencing hearing. In imposing a sentence for a misdemeanor, the trial court must either conduct a separate sentencing hearing or at least "allow the parties a reasonable opportunity to be heard on the question of the length of any sentence and the manner in which the sentence is to be served." Tenn. Code Ann. § 40-35-302(a). A pre-sentence report is optional for misdemeanors. Tenn. Code Ann. § 40-35-205(a).

There is nothing in the record to reflect that counsel requested a continuance, or that the trial court would have refused such a request. This waives any entitlement to relief. *See* Tenn. R. App. P. 36(a). Furthermore, there is nothing in the record now before us to show that appellant was prejudiced by the immediacy of the sentencing hearing.

Punishment for this offense is set out in Tenn. Code Ann. § 55-10-403(a)(1). Probation for the entire sentence without confinement is not authorized by statute. The statute requires a minimum of 120 days continuous incarceration for this offense. Id. The court in this case sentenced appellant to an additional thirty (30) days in confinement. The court made it clear that the remainder of appellant's

3

sentence would be spent on probation if appellant successfully completed alcohol rehabilitation.

Our Supreme Court has recently held that "a DUI offender can be sentenced to serve the entire eleven month and twenty-nine day sentence imposed as the maximum punishment for DUI so long as the imposition of that sentence is in accordance with the principles and purposes of the Criminal Sentencing Reform Act of 1989." State v. Palmer, 902 S.W.2d at 394.

The sentence in the case before us is not excessive. In our *de novo* review, we find the sentence imposed is justified under the principles of the Tennessee Criminal Sentencing Reform Act of 1989. The sentence will restrain the appellant from driving while under the influence and being a danger to others and himself. It also encourages voluntary participation in rehabilitation. The trial court has left the ultimate length of incarceration up to the appellant, who has the option of seeking rehabilitation to shorten his confinement from eleven (11) months, twenty-nine (29) days to 150 days. In effect, the court has given appellant the keys to his own jail cell after the mandated conditions are met.

This issue is without merit.

### CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JERRY L. SMITH, JUDGE**

_____
**CURWOOD WITT, JUDGE**

4