IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1998 SESSION

FILED

August 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9707-CC-00292 |
| Appellee, | * | BLOUNT COUNTY |
| VS. | * | Hon. D. Kelly Thomas, Jr., Judge |
| GAIL PELL, | * | (DUI, Second Offense, |
| Appellant. | * | Driving on Revoked License) |

For Appellant:

Mack Garner
District Public Defender
419 High Street
Maryville, TN  37804
(at trial)

Julie A. Martin, Attorney
P.O. Box 426
Knoxville, TN  37901-0426
(on appeal)

For Appellee:

John Knox Walkup
Attorney General and Reporter

Ellen H. Pollack
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

Philip Morton
Assistant District Attorney General
363 Court Street
Maryville, TN  37804

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

<u>OPINION</u>

The defendant, Gail Pell,[1] was convicted of driving while under the influence of an intoxicant, second offense, and driving on a revoked license. The trial court imposed a sentence of eleven months and twenty-nine days, suspending all but one hundred twenty days, for driving under the influence and ordered a six-month concurrent sentence, with all suspended except for two days, for driving on a revoked license. The balance of each sentence was to be served on supervised probation. Five months later, probation was revoked and the defendant was ordered to serve her sentence in jail at seventy-five percent.

In this appeal of right, the defendant claims that the trial court erred by requiring seventy-five percent of her sentence to be served.

We affirm the judgment of the trial court.

On February 5, 1997, the defendant entered guilty pleas on each of the two charges. Later that same day, before she reported to jail to start serving the sentence, the defendant drank six beers. Afterward, she was stopped by police as she was driving from her boyfriend's residence. As the officer began his investigation, the defendant, who had no operator's license, was "overwhelmed by fright and drove off." The defendant had marijuana in her possession at the time and had smoked marijuana while visiting her boyfriend. The defendant admitted that she was intoxicated. Shortly thereafter, she entered a guilty plea in the Blount County General Sessions Court and received an additional sentence of one hundred twenty days. By the time of the probation revocation hearing on July 3, 1997, the defendant had been incarcerated almost five months.

---

[1]The defendant's name is also spelled "Gale" Pell throughout the record.

The trial court concluded that the defendant had violated the terms of her probation and ordered her to serve the eleven-month, twenty-nine-day sentence with a seventy-five percent release eligibility, "which means basically nine months." The defendant was given credit for the time she had served in jail and was declared eligible to participate in work programs to earn sentence credits. Although it was unknown whether inpatient treatment would be available, the trial judge indicated that he would allow "some of this nine months in an inpatient treatment" program. The sentence was allowed to be served concurrently with that ordered in the general sessions court.

The defendant concedes that the trial court did not abuse its discretion by revoking her probation but takes issue with the length of her jail sentence. She argues that "doubling her actual time of incarceration as a result of her subsequent conviction was excessive and erroneous." She contends that the nine-month sentence "is not the least severe measure ... in order to achieve sentencing purposes."

When a challenge is made to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a "de novo review ... with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d).

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's

3

potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210. State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. Tenn. Code Ann. § 40-35-302(a). Misdemeanor sentences must be specific and in accordance with the principles, purposes, and goals of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. §§ 40-35-104, -117, and -302; State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). The misdemeanor offender must be sentenced to an authorized determinant sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. Generally, a percentage of not greater than 75% of the sentence should be fixed for a misdemeanor offender; however, a DUI offender may be required to serve the full 100% of his sentence. Palmer, 902 S.W.2d at 393-94. In determining the percentage of the sentence, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Id.

Upon service of that percentage, the administrative agency governing the rehabilitative programs determines which among the lawful programs available is appropriate. The trial court retains the authority to place the defendant on probation either immediately or after a term of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). The legislature has encouraged courts to consider public or private agencies for probation supervision prior to directing supervision by the Department of Correction. Tenn. Code Ann. § 40-35-302(f). The governing statute is designed to provide the trial court with continuing jurisdiction in misdemeanor cases and a wide latitude of flexibility. The misdemeanant, unlike the

4

felon, is not entitled to the presumption of a minimum sentence. <u>State v. Creasy</u>, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

Obviously, the trial court did not abuse its discretion by revoking probation. The minimum period of incarceration was one hundred twenty days; the maximum possible sentence was eleven months, twenty-nine days. Tenn. Code Ann. § 55-10-403(a)(1). In our view, an overriding sentencing consideration is that confinement is necessary to avoid depreciating the seriousness of the offense; moreover, other less restrictive measures have been unsuccessful. Tenn. Code Ann. § 40-35-103(1)(B), and (C). Given the defendant's prior criminal history and her failure to take advantage of opportunities at rehabilitation, a lengthy term in jail is warranted. The sentence imposed by the trial court was more than fair to the defendant under the entire circumstances of the case.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Joseph M. Tipton, Judge


_____
David H. Welles, Judge

5