IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1998 SESSION

FILED

August 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9707-CC-00293 |
| Appellee, | * | BLOUNT COUNTY |
| VS. | * | Hon. D. Kelly Thomas, Jr., Judge |
| PHILLIP WAYNE DAVIS, | * | (Driving Under the Influence, Fourth Offense, and Driving on a Revoked |
| Appellant. | * | License, Second Offense) |
| | * | |

For Appellant:

Natalee S. Hurley
Asst. District Public Defender
419 High Street
Maryville, TN 37804
(at trial)

Julie A. Martin, Attorney
P.O. Box 426
Knoxville, TN 37901-0426
(on appeal)

For Appellee:

John Knox Walkup
Attorney General and Reporter

Todd R. Kelley
Assistant Attorney General
425 Fifth Avenue North
Second Floor, Cordell Building
Nashville, TN 37243-0493

Philip Morton
Assistant District Attorney General
363 Court Street
Maryville, TN 37804

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The defendant, Phillip Wayne Davis, entered guilty pleas to driving under the influence, fourth offense, and driving on a revoked license, second offense. The trial court imposed an eleven-month, twenty-nine-day sentence, with a release eligibility date at seventy percent, for driving under the influence and ordered a concurrent sentence of eleven months and twenty-nine days, with a release eligibility date of seventy percent, for driving on a revoked license. The defendant was fined $1,600.00.

In this appeal of right, the defendant claims that the trial court erred by sentencing the defendant to serve an effective term of "over eight months." We find no error and affirm the judgment of the trial court.

The underlying facts were stipulated:

The arresting officer observed the defendant's vehicle traveling very slowly and almost striking a curb on Foothills Mall Drive. A traffic stop was made and the officer noticed that the defendant was unsteady on his feet, had bloodshot eyes, and a strong odor of alcohol. The defendant could not perform simple field sobriety tests.

At the time, the defendant's license was in a revoked status. A breathalyzer examination indicated that the defendant had a blood alcohol level of .12.

The defendant argues that his crimes are not so severe in nature that they require incarceration of approximately two hundred fifty-four days. He contends that the trial court gave no reasons for increasing the sentence above the minimum.

When a challenge is made to the length, range, or manner of service

2

of a sentence, it is the duty of this court to conduct a "de novo review ... with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d).

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210. State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. Tenn. Code Ann. § 40-35-302(a). Misdemeanor sentences must be specific and in accordance with the principles, purposes, and goals of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. §§ 40-35-104, -117, and -302; State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). The misdemeanor offender must be sentenced to an authorized determinant sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. Generally, a percentage of not greater than 75% of the sentence should be fixed for a misdemeanor offender; however, a DUI offender may be required to serve the full 100% of his sentence. Palmer, 902 S.W.2d at 393-94. In determining the percentage of the sentence, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Id.

Upon service of that percentage, the administrative agency governing the rehabilitative programs determines which among the lawful programs available is appropriate. The trial court retains the authority to place the defendant on probation either immediately or after a term of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). The legislature has encouraged courts to consider public or private agencies for probation supervision prior to directing supervision by the Department of Correction. Tenn. Code Ann. § 40-35-302(f). The governing statute is designed to provide the trial court with continuing jurisdiction in misdemeanor cases and a wide latitude of flexibility. The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

The defendant, forty-six years of age, has three prior convictions for driving under the influence and four prior convictions for driving on a revoked license. He has other convictions as well; at least two are felonies. Prior attempts at alcohol abuse treatment have been unsuccessful. The trial court indicated some leniency by suggesting that the defendant would serve "the minimum mandatory one hundred twenty days before he's eligible for any kind of release or work programs." Under all of the circumstances, the sentences imposed are fully warranted.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

4

CONCUR:


_____
Joseph M. Tipton, Judge


_____
David H. Welles, Judge