IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1998 SESSION

FILED

October 23, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 01C01-9703-CC-00088 |
| | ) | |
| Appellee | ) | |
| | ) | MARION COUNTY |
| V. | ) | |
| | ) | HON. JAMES C. SMITH, |
| MITCHELL LEIDERMAN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (DUI) |
| | ) | |
| | ) | |

For the Appellant:

Philip A. Condra
District Public Defender
204 Betsy Pack Drive
Jasper, TN 37347

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Karen M. Yacuzzo
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

James Michael Taylor
District Attorney General

Steven H. Strain
Assistant District Attorney
P.O. Box 130
Jasper, TN 37347

OPINION FILED: _____

AFFIRMED AS MODIFIED

William M. Barker, Special Judge

**OPINION**

The appellant, Mitchell Leiderman, appeals as of right his conviction in the Marion County Circuit Court of driving under the influence, second offense.[1] Appellant was sentenced to eleven months, twenty-nine days and ordered to serve 75 days with the remainder to be served on probation. He was fined $600 and the trial court granted his request for work release.

On appeal, he contests the sufficiency of the evidence, the trial court's admission of a hearsay statement as an excited utterance, and the propriety of his sentence. After reviewing the record, we affirm the appellant's conviction, but modify the sentence imposed.

Deputy Tim Prince with the Marion County Sheriff's Department was on routine patrol the night of July 4, 1995. Around midnight, he noticed a truck driving on Highway 41 that had only one headlamp. As he drew closer, he noticed the vehicle was slightly in the opposing lane of traffic. He began following the vehicle and observed it cross the center line two more times. Prince decided to perform a traffic stop. As he approached the vehicle, he noticed the odor of alcohol about appellant's person and observed a young female with long dark hair in the passenger's seat. Prince asked appellant to step out of the car and informed him he would need to perform field sobriety tests. When Prince asked if he had been drinking, appellant replied affirmatively.

Prince demonstrated both the one leg stand and the heel to toe test and asked appellant if he could perform those. Appellant could only count to one while standing on one foot, despite the fact that Prince allowed him more than one opportunity to perform that test. For the heel to toe test, appellant was unable to hit heel to toe and

---

[1]Appellant was also convicted of violating the light law, i.e. driving with only one headlight, but he does not challenge that conviction on appeal. See Tenn. Code Ann. §55-9-402 (1993).

2

was unable to stay on the line. Prince concluded that appellant was impaired and placed him under arrest. Appellant refused to take a breath alcohol test.

Appellant's proof at trial was provided by testimony from his son Brian Leiderman. Young Leiderman testified that appellant played guitar and sang in a band, and on the night of the incident, the band played at Aetna Mountain Bar and Grill from 9:00 p.m. until 1:00 a.m. Brian stated that he was with his father the entire night and he never observed his father drink any alcoholic beverage. In addition, he stated that the band has a rule prohibiting members from drinking alcohol when they are playing.

After hearing the proof, the jury convicted appellant of driving under the influence. The court later determined that it was appellant's second offense. It sentenced appellant to eleven months, twenty-nine days and ordered him to serve 75 days of the sentence with the remainder to be served on supervised probation. The court fined appellant $600[2] and granted his request for work release.

Appellant first challenges the sufficiency of the convicting evidence. He urges us to reverse the conviction because Deputy Prince did not follow standardized field sobriety tests and because he did not testify to any of the "myriad tell-tale signs of intoxication." We decline to do so.

Appellant's arguments are nothing more than an attack on the credibility of Deputy Prince's testimony and the weight accorded it by the jury. Appellant's cross-examination of Prince was effective in revealing weaknesses in his testimony about which he now complains. The jury was presented with testimony that Prince used field sobriety tests that may not be considered standard because they are "easier" than those used by the Tennessee Highway Patrol. Moreover, the jury heard Prince's description of appellant's demeanor and appearance and was aware that he did not

---

[2]The jury originally imposed a fine of $1,500, the maximum for a first time offender. Tenn. Code Ann. §55-10-403(a)(1) (Supp. 1995). However, the classification of the DUI offense was submitted to the trial court for determination. Upon determining that appellant was a second time offender, the trial court imposed the minimum fine for that violation. Id.

3

specify that appellant had slurred speech, bloodshot eyes, or the like. Questions concerning the credibility of the witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The jury's verdict obviously accredited Deputy Prince's testimony and we will not disturb that finding on appeal.

According the State the strongest legitimate view of the evidence, as we are required to do on appeal, the proof established that Deputy Prince observed appellant's vehicle cross the center line of the roadway three times. Upon stopping his vehicle, Prince noticed a smell of alcoholic beverage about appellant's person. Appellant was unable to perform either of two field sobriety tests administered by Prince, after repeated attempts and despite Prince's efforts to accommodate for appellant's claimed back and leg disability. When asked about drinking, appellant admitted that he had. From those facts, we believe a rational trier of fact was justified in finding that appellant was driving on a public roadway while under the influence of an intoxicant. See Tenn. Code Ann. §55-10-401 (1993); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Next, appellant argues that the trial court erred in admitting a hearsay statement by a passenger in appellant's car as an exited utterance. He alleges that the statement was not made as the result of a startling or stressful event. Appellant further contends that the statement was ambiguous and misleading.

Deputy Prince testified that there was a young female passenger in appellant's vehicle when the traffic stop was performed. He stated that after appellant failed the field sobriety tests, he placed appellant in the patrol car and returned to appellant's vehicle. Approximately seven to eight minutes had passed. Prince testified that the young passenger was upset and crying. In an effort to calm her, he began speaking to her. Prince testified that the passenger said appellant "should not be driving."

4

Hearsay statements are generally not admissible, unless relevant and subject to some exception which provides an indicia of reliability. See Tenn. R. Evid. 802. One such exception admits statements that are excited utterances. Tenn. R. Evid. 803(2). An excited utterance is a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. Id. It is generally thought that the stressful condition precludes the opportunity for fabrication, thus ensuring the reliability of the statement. State v. Smith, 857 S.W.2d 1, 9 (Tenn. 1993). The trial court found that the declarant was still under the stress of seeing appellant arrested and placed in a patrol car when the statement was made. We agree.

The passenger was appellant's ex-wife's daughter, whom he had been caring for that night. While her age does not appear in the record, appellant's son described her as "a little kid." According to Deputy Prince, she referred to appellant as "daddy." In light of her apparent youthful age, we believe witnessing someone she regarded as a father figure being arrested and placed in a police car was a startling event for the declarant. Moreover, the record reflects that she was still under the stress and excitement of the event when she made the statement. Smith, 857 S.W.2d at 9. The trial court did not abuse its discretion in admitting the statement.

Appellant's only challenge to his sentence is the length of time that he must serve in confinement. Initially, the trial court sentenced appellant to serve 60 days in confinement before being eligible for probation. At appellant's request, the trial court granted him the opportunity for work release, but increased the length of his confinement to 75 days.[3] Appellant argues that increasing the days in confinement has a "chilling effect" on offenders and discourages them from seeking work release.

---

[3]Second time DUI offenders are eligible for work release. Tenn. Code Ann. §41-2-128(c) (Supp. 1995). That statute, however, requires that trial courts follow a specific procedure. Id. We note that the trial court in appellant's case substantially complied with these requirements, but failed to insure that an investigative report was completed prior to ordering work release. We encourage trial courts to follow the strict requirements of the statute.

Although sentencing for DUI offenses requires mandatory minimum periods of confinement, it remains that misdemeanor offenders must be sentenced in accordance with the principles, purposes, and goals of the Sentencing Act. Tenn. Code Ann. §40-35-302(b) (Supp. 1995); State v. Palmer, 902 S.W.2d 391, 393-94 (Tenn. 1995). The Sentencing Act sets forth an exclusive list of enhancement factors which may be considered in setting the length of a sentence above the minimum penalty. See Tenn. Code Ann. §40-35-114 (Supp. 1995); State v. Dykes, 803 S.W.2d 250, 258-59 (Tenn. Crim. App. 1990). Whether a portion of the sentence will be served on work release is not one of the statutorily enumerated enhancement factors. See Tenn. Code Ann. §40-35-114 (Supp. 1995).

The trial court failed to note any statutory sentencing consideration as a reason for increasing the confinement period from 60 days to 75 days. As a result, the trial court erred in increasing appellant's time in confinement based only upon his request for work release. See also State v. Robert Kuykendall, No. 03C01-9310-CR-00377 (Tenn. Crim. App. at Knoxville, February 23, 1995) (holding that trial court improperly considered that defendant could reduce his sentence by "work credits"), perm. app. denied (Tenn. 1995). We reduce appellant's sentence to confinement for 60 days, the length originally ordered by the trial court. The judgment of the trial court is affirmed in all other respects.

_____
William M. Barker, Special Judge

CONCUR:


_____
Gary R. Wade, Presiding Judge


_____
Curwood Witt, Judge

6