IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2000

## STATE OF TENNESSEE v. TERESA R. HODGE

**Appeal from the Circuit Court for Blount County**
**No. C-11319, 11535, 11545, 11915     D. Kelly Thomas, Jr., Judge**

**No. E2000-00040-CCA-R3-CD**
**February 9, 2001**

The defendant appeals the Blount County Circuit Court's determination that her plea-bargained, eleven-month and 29-day effective sentence for theft and possession of cocaine shall be served in confinement, subject to 75 percent of service before the defendant is eligible for rehabilitative programs.   The record supports the trial court's determination, and we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Mack Garner (at trial), District Public Defender; Julie Rice (on appeal), for the Appellant, Teresa Hodge.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussman, Assistant Attorney General; Michael L. Flynn, District Attorney General; John Bobo, Assistant District Attorney General; Edward P. Bailey, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The defendant, Teresa R. Hodge, pleaded guilty in the Blount County Circuit Court to three charges of theft and one charge of possession of cocaine, all misdemeanors. *See* Tenn. Code Ann. § 39-14-403 (1997) (theft); Tenn. Code Ann. §  39-17-418(a), (c) (1997) (mere possession or casual exchange of controlled substances) (1997).  Her plea-bargained agreement provides for the imposition of concurrent sentences of eleven months and 29 days on the charges, subject to the trial court establishing the manner of service of the effective sentence.  *See* Tenn. R. Crim. P. 11(e), 37(b)(2)(ii); Tenn. R. App. P. 3(b).  After a sentencing hearing in which a presentence report was

presented, the trial court imposed a sentence of confinement and established the minimum continuous confinement percentage at 75 percent. *See* Tenn. Code Ann. § 40-35-302(d) (1997) (requiring that trial court determine what percentage, not exceeding 75 percent, of a misdemeanor sentence which must be served in continuous confinement before the defendant is eligible for "rehabilitative programs" such as work release, furlough or "trusty" status).[1]  On appeal, the defendant complains that because her crimes stem from her drug addiction, she should be placed in a treatment program instead of confinement.  Because the record cogently supports the imposition of confinement, we affirm the judgment of the trial court.

The defendant, a single woman 42 years of age at the time of sentencing, pleaded guilty to the May 21, 1998 theft of a package of beer from a Bi-Lo grocery store, the January 27, 1999 theft of two drills from Walmart, the July 16, 1999 theft of clothing from a Proffitt's department store, and the August 15, 1998 possession of cocaine.  The defendant has two children, one who is 23 and one who is six years of age. She is unemployed and receives "SSI" payments which she says she receives because of a back injury and "mental stress." She is being treated and medicated for depression.  She began using drugs at the age of twelve or thirteen and has been drug addicted for most of her adult life.  She underwent rehabilitation programs in 1980, 1988, and 1994, and as of the time of sentencing, she had been an outpatient of the Peninsula mental health facility for a number of years.

The defendant has no felony convictions, but at the time of sentencing, she had a record of 21 misdemeanor convictions between 1984 and 1999.  Twelve of these prior misdemeanors were thefts, and six were related to driving vehicles.  The defendant testified at the sentencing hearing that all of her offenses were drug related.  When she had no money for buying drugs, she raised money by shoplifting and then selling the ill-gotten gains.

The presentence report indicates that the defendant expressed a desire to conquer her drug habit, but at the hearing, she admitted to smoking one or two marijuana "blunts" a day and to frequent use of "rock" cocaine.  She admitted that she spends $50 or more per week for marijuana by using her SSI money.  She added, "[If] I done stole something, I sell it."  She admitted to smoking marijuana earlier in the day of her sentencing hearing and to using cocaine three days earlier. She evaded questions about where she obtained the cocaine, and even when asked if she obtained it in Tennessee, she replied, "I don't know."  When asked on cross-examination were she got the money to buy the cocaine, she replied, "I had got my [SSI] check on Friday."[2]

---

[1]  The court may impose 100 percent continuous confinement in DUI cases. *State v. Palmer*, 902 S.W.2d 395 (Tenn. 1995).

[2]  We realize that the defendant will be ineligible to receive SSI benefits while she is incarcerated; however, if upon serving 75 percent of her sentence in continuous confinement, she is effectively released via a rehabilitation program for purposes of resumption of SSI benefits, the administrator of the rehabilitative program may want to consider the use of a representative payee for the purpose of the defendant benefitting from the SSI payments.

At the conclusion of the sentencing hearing, the trial court imposed confinement for eleven months and 29 days on each charge, with all sentences running concurrently. The court established the defendant's minimum continuous confinement percentage at 75 percent, the maximum available on these charges.

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. Tenn. Code Ann. § 40-35-302(a) (1997). Misdemeanor sentences must be specific and in accordance with the principles, purpose, and goals of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. §§ 40-35-104, -302 (1997) (Supp. 2000); *State v. Palmer*, 902 S.W.2d 391, 393 (Tenn. 1995). The misdemeanor offender must be sentenced to an authorized determinant sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. Tenn. Code Ann. § 40-35-302(d) (Supp. 2000). In determining the percentage of the sentence, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to the sentencing. *Palmer*, 902 S.W.2d at 393-94. Upon service of that percentage, the administrative agency governing the rehabilitative programs determines which among the lawful programs available is appropriate. Tenn. Code Ann. § 40-35-302(d) (Supp. 2000).

The trial court retains the authority to place the defendant on probation either immediately or after a period of periodic or continuous confinement. *Id.* at (e). The governing statute provides that the trial court has continuing jurisdiction in misdemeanor cases and a wide latitude of flexibility. *See generally id.* The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. *State v. Creasy*, 885 S.W.2d 829 (Tenn. Crim. App. 1994).

Sentences involving confinement should be based upon the considerations listed in Tennessee Code Annotated section 40-35-103(1), and in the present case, the sentence is so based. The lower court's decision to confine the defendant is amply supported by the need to "protect society by restraining a defendant who has a long history of criminal conduct." *See* Tenn. Code Ann. § 40-35-103(1)(a) (1997). Furthermore, based upon the defendant's 1989 reckless driving and driving on a revoked license offenses while on probation for theft, and her 1997 revocation of a probated 1996 theft conviction, "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." *See* Tenn. Code Ann. § 40-35-103(1), (C) (1997). Indeed, the defendant's history of thievery is so extensive that confinement through some measure of consecutive sentencing would have been warranted had the state not foreclosed that possibility by the plea agreement.

We fully comprehend the defendant's argument that she needs therapeutic intervention to defeat drug dependency. Perhaps she does; however, we note that her drug problem persists despite three different hospital rehabilitation programs and despite long-term outpatient treatment through Peninsula. She used cocaine only three days before her sentencing hearing and smoked a marijuana "blunt" three hours before the hearing. We are concerned about the defendant's best interests, but the record shows the defendant has failed at past rehabilitation efforts and that

property owners should be protected from the defendant's unfettered willingness to support a chronic drug habit.

Based upon that record, we affirm the trial court's judgment.

_____

JAMES CURWOOD WITT, JR., JUDGE