IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 20, 2001

## ROBERT M. SNEED v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No. C41, 834     R. Jerry Beck, Judge**

---

**No. E2000-02213-CCA-R3-PC**
**March 28, 2001**

---

The Defendant was convicted of DUI, second offense, and driving on a revoked license, second offense. His convictions were affirmed on direct appeal, and he subsequently filed for post-conviction relief, which was denied. In this appeal, the Defendant contends that the post-conviction court erred in denying his request for post-conviction relief, arguing that he was denied the effective assistance of counsel at trial; that he was denied a fair trial because the trial judge refused to recuse himself; and that the post-conviction court erred in refusing to admit certain evidence. We affirm the denial of the Defendant's request for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Murray C. Groseclose, III, Kingsport, Tennessee, for the appellant, Robert M. Sneed.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kusmann, Assistant Attorney General; Greeley Wells, District Attorney General; and James F. Goodwin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant, Robert M. Sneed, was convicted by a jury of driving under the influence of an intoxicant (DUI), second offense, and driving on a revoked license (DORL), second offense. The Defendant's convictions were affirmed on direct appeal. See State v. Robert M. Sneed, No. 03C01-9610-CR-00371, 1997 WL 600062, at *1 (Tenn. Crim. App., Knoxville, Sept. 30, 1997). The Defendant subsequently filed for post-conviction relief, alleging that he had been denied the effective assistance of counsel at trial and that he was denied a fair trial as a result of the trial judge's refusal to recuse himself and remove the prosecuting attorney. After a hearing, the post-conviction court denied relief. This appeal followed, in which the Defendant reiterates his post-conviction claims and also contends that the post-conviction court erred in refusing to admit certain evidence. Upon our

review of the record and relevant legal authority, we affirm the judgment of the post-conviction court.

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. Tenn. Code Ann. § 40-30-210(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. Id.

A brief review of the facts underlying the Defendant's convictions will be helpful. In October 1995, the Defendant was assisting his brother, Larry Sneed, in painting their mother's house. The men were using oil-based paint and paint-thinner, and had been painting together all day. At approximately 8:30 that evening, the Defendant left to help a friend try to get his car started. At approximately 11:15 that evening, Officer Brian Taylor pulled the Defendant over after he saw the Defendant speeding and operating his car in "a jerky fashion." When Officer Taylor approached the Defendant, he "could smell the alcohol coming from the car." When the Defendant stepped out of the car, he used the door for balance, and Officer Taylor testified that he "noticed the odor of alcohol about his person after he was out of the car." The Defendant told Officer Taylor that he had not been drinking; Officer Taylor described the Defendant's speech as "somewhat slurred."

Officer Taylor requested the Defendant to perform two field sobriety tests: the thumb-to-finger and the heel-to-toe. The Defendant performed both of these tests poorly and Officer Taylor formed the conclusion that the Defendant's "driving abilities were impaired." Officer Taylor arrested the Defendant, and the Defendant subsequently refused to take a test to determine his blood alcohol concentration. Captain Wade Williams of the Tennessee Highway Patrol testified that the Defendant's driver's license was on revoked status on the date of the Defendant's arrest.

The Defendant testified at trial, reiterating that he had not had anything to drink that day or evening. He explained that he had been painting all day, and that he had been dizzy from his high blood-pressure. He testified that he had told Officer Taylor about his dizziness, and he did not dispute his poor performance on the field sobriety tests. Indeed, the Defendant testified, "If I'd a been the officer, I'd a probably arrested me, too." Larry Sneed also testified, stating that his brother had had nothing to drink that day, although he admitted that he had not been with his brother after the Defendant left at 8:30. Sneed also testified that the Defendant had been complaining about dizziness while they were painting.

The jury convicted the Defendant of DUI and DORL. Following this verdict, the jury was provided with certified copies of the Defendant's prior convictions of DUI and DORL, and subsequently returned a verdict of DUI, second offense, and DORL, second offense.

The Defendant now contends that his trial counsel was ineffective in the following respects:

1. He failed to adequately inform himself about the Defendant's physical limitations and how they affected his ability to perform the field sobriety tests;

2. He failed to move for a continuance in order to subpoena an out-of-state witness;

3. He failed to adequately inform himself about the shortcomings of field sobriety tests, thereby limiting his ability to effectively cross-examine the arresting officers;

4. He failed to object to the prosecuting attorney's restatement of a witness's testimony, and to the prosecutor's question about how field sobriety tests are used;

5. He failed to interview the police officers who were going to testify on behalf of the state;

6. He failed to interview the Defendant's witnesses prior to trial; and

7. He failed to adequately argue for a continuance when a defense witness became unable to testify.

All of these contentions focus on the Defendant's conclusion that he was convicted because his trial lawyer failed to convince the jury that the Defendant's arrest resulted from his physical problems (obesity, diabetes and high-blood pressure) and his day-long inhalation of paint and paint-thinner fumes, and not from alcohol consumption.

Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee a defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to counsel includes the right to effective counsel. See id.; Strickland v. Washington, 466 U.S. 668, 686 (1984). To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. Strickland, 466 U.S. at 687; Burns, 6 S.W.3d at 461; Hicks, 983 S.W.2d at 245. To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had

-3-

reasonable doubt regarding the defendant's guilt. See Strickland, 466 U.S. at 694-95. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Owens v. State, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Owens, 13 S.W.3d at 749. Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. See Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

Initially, we agree with the post-conviction court that the Defendant has failed to prove by clear and convincing evidence that his trial lawyer's representation fell below the required standard. A review of the trial transcript makes clear that the Defendant's trial attorney did an adequate job of presenting the Defendant's theory to the jury. Furthermore, even if the Defendant's lawyer did not do an adequate job in this respect, the Defendant has failed to demonstrate how additional proof or more extensive cross-examination would have resulted in a different outcome. The Defendant offered no medical testimony at the post-conviction hearing, and his allegations that his medical conditions and/or paint inhalation were responsible for his arrest therefore remain no more than allegations. Additionally, we note that even if defense counsel had more thoroughly pursued the ?paint fumes" issue, this was not likely to have helped the Defendant's case. Larry Sneed, a professional painter with twenty years of experience, testified at the post-conviction hearing that the fumes of oil-based paint "will cause you to be intoxicated" and will interfere with thinking and coordination.[1] The Defendant's contentions that his trial lawyer was ineffective in presenting his defense are without merit.

The Defendant also contends that his trial lawyer should have required the trial court to allow the jury to sentence him, claiming that the Criminal Sentencing Reform Act of 1989, which requires that the trial court rather than the jury sentence most convicted defendants,[2] did not repeal the earlier sentencing laws which allowed for jury sentencing. The Defendant does not support this claim with any legal authority, and it is therefore waived. See Tenn. Ct. Crim. App. R. 10(b). Moreover, this claim is without merit. See State v. Palmer, 902 S.W.2d 391, 392 (Tenn. 1995) (holding that the Criminal Sentencing Reform Act of 1989 impliedly repealed prior sentencing statutes with respect to offenses committed on or after November 1, 1989).

---

[1]We remind the Defendant that the DUI statute prohibits driving while under the influence of "any intoxicant . . . or drug producing stimulating effects on the central nervous system." Tenn. Code Ann. § 55-10-401(a)(1) (emphasis added). See, e.g., State v. James Jr. Owen, 1988 WL 119375, at *1 (Tenn. Crim. App., Jackson, Nov. 9, 1988) (finding the defendant's conviction of DUI supported by sufficient evidence where the defendant had been inhaling a type of paint-thinner).

[2]See Tenn. Code Ann. § 40-35-203(a). Only defendants convicted of capital crimes may be sentenced by the jury under the Act. See id. § 40-35-203(c).

The Defendant next contends that he was denied a fair trial because the trial judge and prosecuting attorney refused to recuse themselves. Prior to his arrest, the Defendant had sued both of these individuals on an unrelated matter. The lawsuit had been summarily dismissed, but the Defendant had filed a motion to reconsider. The Defendant's lawyer filed a motion to recuse, which was denied. The Defendant has failed utterly to demonstrate how he was unfairly or improperly prejudiced by either the trial judge or the prosecuting attorney. Accordingly, this issue is without merit.

The Defendant also contends that the post-conviction court erred in refusing to admit certain evidence at his hearing. The Defendant attempted to introduce height and weight charts and certain pages from a "DWI Detection Manual" in an attempt to further his claim that his lawyer could have done more to convince the jury that his performance on the field sobriety tests was attributable to factors other than alcohol consumption. The State objected, and the post-conviction court sustained the objection on the ground that the charts were inadmissible hearsay. Cf. Tenn. R. Evid. 803(17). Whether these documents should have been admitted was a matter within the sound discretion of the post-conviction court, and we will not distub its ruling absent a clear showing of an abuse of that discretion. See State v. Edison, 9 S.W.3d 75, 77 (Tenn. 1999). We find no such abuse here, and this issue is therefore without merit.

The Defendant also complains that the post-conviction court improperly limited the scope of his cross-examination of the arresting officers. However, "the scope of cross-examination is largely within the trial court's discretion, and . . . such discretion will not be disturbed absent a finding of abuse." State v. Bragan, 920 S.W.2d 227, 244 (Tenn. Crim. App. 1995). We find no abuse of discretion here, and this issue is therefore without merit.

Finally, the Defendant contends that he pled guilty to DUI, second offense, and DORL, second offense, and that his pleas were made in violation of his constitutional rights. Our review of the transcript of the original trial in this matter reveals that, after the jury returned its initial verdict, the Defendant pled guilty to second offense status on each conviction. Nevertheless, the trial court sent the charges of second offense status to the jury. The jury subsequently returned a verdict of guilty on each charge. The Defendant's convictions for DUI, second offense, and DORL, second offense, were therefore not the result of a guilty plea, and this issue is accordingly without merit.

The judgment of the post-conviction court is affirmed.

_____
DAVID H. WELLES, JUDGE