IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2001

## STATE OF TENNESSEE v. VINCENT THOMAS GALLO

**Appeal from the Circuit Court for Jefferson County**
**No. 6743      O. Duane Slone, Judge**

---

**No. E2000-03025-CCA-R3-CD**
**July 24, 2001**

---

The defendant was convicted upon his guilty pleas to three counts of unlawfully photographing individuals in violation of their privacy, a Class A misdemeanor, and received concurrent eleven-month-twenty-nine-day sentences to be served in confinement in the county jail. The defendant appeals the trial court's denying him probation of any type. We affirm the denial of probation, but we remand the case for entry of corrected judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part and Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Douglas A. Trant, Knoxville, Tennessee, for the appellant, Vincent Thomas Gallo.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; and Alfred C. Schmutzer, Jr., District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case comes to us upon an enigmatic record. The defendant was charged by presentment with photographing three females, one a minor, who reasonably expected privacy at the time, with the photographs, offending or embarrassing to an ordinary person, being taken for the purpose of the defendant's sexual arousal and gratification. See Tenn. Code Ann. § 39-13-605(a). The record reflects that the prosecution was in the middle of presenting its case-in-chief to a jury when the defendant entered guilty pleas to the charges. In accepting the guilty pleas, the trial court stated that it had already heard sufficient proof of the offense. In a transcript titled "Sentencing Hearing," the record reflects that the trial court based its sentences upon "the evidence that was introduced in the trial in this matter, the victims' impact statements, all the exhibits introduced . . . today, including

the defendant's prior convictions, the circumstances surrounding the conviction for sexual battery, the defendant's evidence of his bad health and circumstances of his family . . . ."

The major problem in this case stems from the fact that none of the evidence and items mentioned by the trial court are in the record before us. Other than some statements by counsel and the trial court before and during the sentencing, nothing presents itself for us to make any meaningful de novo review of the trial court's determination or of the evidence upon which the sentences should be based. Absent a full record of the evidence and proceedings in the trial court that are necessary to convey a fair, accurate and complete account of what transpired with regard to the defendant's sentences, we must presume that the trial court's sentencing determinations are correct. See State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998).

We note an anomaly, though, in the judgments entered by the trial court. The sentencing hearing transcript reflects that the trial court sentenced the defendant to "11 months and 29 days at 75%." However, the judgment of conviction forms used by the trial court do not comply with the form provided in Rule 17, Tenn. Sup. Ct. R. Rather, the trial court used out-of-date forms which provide both for a percentage of service before program or work release is available, Tenn. Code Ann. § 40-35-302(d), which the trial court left blank, and for a percentage before release from confinement can occur, see Tenn. Code Ann. § 41-21-236(f)(4), which the trial court ostensibly made seventy-five percent. However, the forms are erroneous because the release from confinement percentage based upon Tenn. Code Ann. § 41-21-236(f)(4) has not existed since our supreme court held that this subsection was impliedly repealed by enactment of the 1989 Sentencing Act. See State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). Being unsure what the trial court intended by its reference to "75%," we believe that a remand is in order.

The trial court's denying the defendant probation is affirmed. The case is remanded to the trial court for entry of appropriate judgments.

_____
JOSEPH M. TIPTON, JUDGE