IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
DECEMBER SESSION, 1998

FILED

February 17, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 03C01-9803-CR-00098 |
| Appellee | ) | |
| | ) | CARTER COUNTY |
| vs. | ) | |
| | ) | Hon. ARDEN L. HILL, Judge |
| TIMOTHY WAYNE REECE, | ) | |
| | ) | (Driving Under the Influence, |
| Appellant | ) | First Offense) |

For the Appellant:

**Michael D. Kellum**
Attorney for Appellant
1114 Sunset Drive, Suite 3
Johnson City, TN 37604


(AT TRIAL)
**Thomas W. Cowan, Jr.**
Attorney at Law
111 S. Main Street
Elizabethton, TN 37643

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**R. Stephen Jobe**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493


**Joe C. Crumley, Jr.**
District Attorney General

**Kenneth Baldwin**
Asst. District Attorney General
900 East Elk Avenue
Elizabethton, TN 37643


OPINION FILED: _____

AFFIRMED


**David G. Hayes**
Judge

**OPINION**

The appellant, Timothy Wayne Reece, pled guilty in the Carter County Criminal Court to first offense driving under the influence on October 8, 1997. The trial court imposed a sentence of eleven months and twenty-nine days, suspended except for eighty-six days in jail and subject to work release after serving forty-eight hours. The appellant now appeals the sentencing decision of the trial court.

After review, we affirm the decision of the trial court.

**Background**

Facts developed at the preliminary hearing held on April 4, 1997, revealed that, on December 31, 1996, the appellant attended a New Year's Eve celebration with some friends. Alcohol was served at the party and the appellant drank three or four beers. At approximately 11:30 p.m., the appellant, accompanied by Andy DeLoach and Tabitha Turner, drove his 1983 Dodge Ramcharger to a Raceway convenience store to purchase gasoline. Carol Tolley, the cashier at the station, noticed that the appellant did not appear to be acting "normal." Specifically, she observed that the appellant had attempted to pay for the same gasoline purchase twice, that he had let the gasoline overflow from his tank, and, finally, he drove away from the pump with the gas nozzle still attached to his tank. Eventually, the appellant and his two companions returned to the party.

The party started breaking up around 12:30 a.m. and the appellant left to take Tabitha Turner home. Aware of the appellant's condition, others at the party, including Andy DeLoach, advised the appellant not to drive. Ignoring these warnings, the appellant chose to drive Tabitha home and proceeded north on

2

Highway 91. Sometime after 1:00 a.m., the appellant's vehicle collided with the vehicle driven by thirty-five year old Carey Calhoun. The appellant later registered a .16 blood alcohol content. Carey Calhoun, who had just gotten off work prior to the accident, tested negative for the presence of alcohol. She later died at the hospital as a result of injuries sustained in the accident. Subsequently, the appellant was charged with vehicular homicide. This charge was later dismissed at the preliminary hearing in General Sessions Court and, in May 1997, the Grand Jury indicted the appellant on one count of driving under the influence.

Officer Rusty Verran, a certified accident reconstructionist with the Elizabethton Police Department, examined the accident scene. In his opinion, the appellant was traveling northbound with his headlights on at approximately 39.77 miles per hour in a fifty mile an hour speed zone. The accident occurred in the appellant's lane of traffic when the vehicle operated by Carey Calhoun pulled out into the roadway in front of the appellant. Specifically, Verran could not determine whether Ms. Calhoun had stopped at the stop sign, but he could conclude that the "approximate cause of this collision . . . was her action in failing to yield right of way to th[e] [appellant's] oncoming vehicle." Because he was unable to determine the speed of Ms. Calhoun's vehicle, Officer Verran could not state whether the appellant's alcohol consumption played a part in the accident, *i.e.*, whether the appellant's intoxication impacted his reaction time thus preventing him from avoiding the collision.

On October 8, 1997, the appellant entered a guilty plea to first offense DUI. A sentencing hearing was conducted that same day. The proof at the sentencing hearing revealed that, at the time of the accident, the appellant was a twenty-one year old high school graduate with no prior criminal record. He is employed at J.W. Windows Components as the supervisor on the second shift. In addition to this employment, the appellant is a Lance Corporal in the United States Marine Corps

3

Reserves and is a contract worker for the Northeast Tennessee Correctional Academy, Boys Group Home, in Johnson City. Although the appellant denied that he was drunk at the time of the accident and denied personal responsibility for the accident, he admitted that he felt the grief of the victim's family. The appellant also stated that this event had significant impact on his life.

Before imposing sentence, the trial court stated his disbelief of the appellant's assertion that he "had only three beers " despite his blood alcohol content of .16. The court also found:

> So, here we've got one involving death and .16 . . . alcohol. True he might have been able to go on and take his girlfriend home and get back home without causing an accident, and it might have been the victim's fault. It might have been both their fault. We'll never know if the alcohol that Mr. Reece had ingested kept him from reacting fast enough or stopping. There's many accidents been avoided that's called defensive driving, even if it's not your fault. You can avoid some wrecks when it would have been the other person's fault and saved some lives. Here we will never know. And, Mr. Reece if he does remember would not know because alcohol has a way of making one believe that he's driving alright, that's he's driving within the speed limit, that he can react. But, alcohol not only slows down your reaction time, but, it slows down your ability to determine whether you're able to drive or not. . . .

Based on these findings, the trial court sentenced the appellant to eleven months, twenty nine days; suspended with the exception of eighty-six days to be served in jail subject to work release after service of forty-eight hours.

**Analysis**

The appellant contends that the trial court imposed an excessive sentence for his conviction. Specifically, the appellant argues that the trial court improperly considered the death of the Carey Calhoun in determining the appellant's incarcerated portion of his sentence. In addressing the appellant's challenge, we are mindful that our *de novo* review is conditioned with the presumption that the

sentencing determination of the trial court is correct. See Tenn. Code Ann. § 40-35-401(d) (1997). Moreover, the appellant bears the burden of establishing the sentence imposed by the trial court is improper. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

Again, the appellant pled guilty to driving under the influence, first offense, a class A misdemeanor. See Tenn. Code Ann. § 55-10-401 and § 55-10-403(m) (1996 Supp.). Our legislature has provided that a defendant convicted of first offense DUI "shall be confined . . . for not less than forty-eight hours nor more than eleven months and twenty-nine days." Tenn. Code Ann. § 55-10-403(a)(1). Furthermore, "all persons sentenced under subsection (a) shall, in addition to the service of at least the minimum sentence, be required to serve the difference between the time actually served and the maximum sentence on probation." Tenn. Code Ann. § 55-10-403(c). Thus, the length of a defendant's sentence for a first offense DUI is eleven months, twenty nine days. See generally State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998). In effect, the DUI statute mandates a maximum sentence for a DUI conviction with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended.[1] See Troutman, 979 S.W.2d at 273; State v. Combs, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996), perm. to appeal denied, (Tenn. 1997); State v. Brice, No. 03C01-9605-CC-00189 (Tenn. Crim. App. at Knoxville, Dec. 3, 1996). Thus, the trial court's imposition of a sentence of eleven months, twenty-nine days is mandated by our legislature and is not improper.

The sentencing court must also determine the percentage of the sentence which the defendant shall serve. Tenn. Code Ann. § 40-35-302(d). Upon service of

---

[1] A DUI offender, unlike other misdemeanor offenders, can be sentenced to serve the entire sentence imposed, or 100%. State v. Palmer, 902 S.W.2d 391, 393-94 (Tenn. 1995). Compare Tenn. Code Ann. 40-35-302(d) (1996 Supp.) (maximum percentage is 75%).

that percentage, the administrative agency governing the rehabilitative programs determines which among the lawful programs available is appropriate. In determining the percentage of the sentence, the trial court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. See Troutman, 979 S.W.2d at 273-74; State v. Warren, No. 01C01-0905-CC-00218 (Tenn. Crim. App. at Nashville, May 21, 1997) (citing Tenn. Code Ann. § 40-35-302(d); State v. Palmer, 902 S.W.2d 391, 393-94 (Tenn. 1995)). In observance of the less stringent procedures attached to misdemeanor sentencing,[2] upon *de novo* review, we cannot conclude that the trial court's grant of release eligibility following a period of forty-eight hours confinement was arbitrarily imposed. See Troutman, 979 S.W.2d at 274.

Finally, the trial court retains the authority to place the defendant on probation either immediately or after a term of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). The statutory scheme is designed to provide the trial court with continuing jurisdiction in the misdemeanor case and a wide latitude of flexibility. Additionally, we observe that the misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn.Crim.App.1994). Thus, we are confronted with the propriety of a sentence of eighty-six days confinement.

In the present case, it is clear from the record that the trial court considered the death of Carey Calhoun in imposing the appellant's sentence. It is also clear from the record that the appellant's intoxication was not the proximate cause of the accident, and, thus, the victim's death could not be considered as an enhancement

---

[2]In State v. Troutman, 979 S.W.2d at 273, our supreme court recognized that the misdemeanor sentencing provisions contained in the 1989 Sentencing Act do not require that the trial court hold a sentencing hearing, see Tenn. Code Ann. § 40-35-302 (1996 Supp.), do not require that the trial court place its findings on the record, and do not require that a presentence report be prepared, see Sentencing Commission Comments, Tenn. Code Ann. § 40-35-302; Tenn. Code Ann. § 40-35-302(a)(1996).

factor. See Brice, No. 03C01-9605-CC-00189; State v. Andrews, No. 02C01-9201-CC-00024 (Tenn. Crim. App. at Jackson, Jan. 20, 1993). Accordingly, it was error for the court to consider Calhoun's death in imposing sentence.

Notwithstanding the trial court's error in considering the victim's death, the record supports the trial court's concerns of the appellant's lack of candor regarding his level of intoxication. Additionally, the record reflects the appellant's awareness of his impaired state at the time he elected to drive under the influence and the appellant's disregard of the safety of Tabitha Turner, the passenger in his vehicle. The trial court imposed a sentence of confinement of eighty-six days when it could have extended confinement to eleven months, twenty-nine days, as there is no presumptive minimum sentence in misdemeanor sentencing. Although the appellant has an admirable employment history and no prior criminal history, we cannot conclude that the sentence imposed by the trial court was improper. Accordingly, the sentence imposed by the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
JAMES CURWOOD WITT, JR., Judge