# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## AUGUST 1999 SESSION

**FILED**

October 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 02C01-9809-CC-00291 |
| | ) | |
| vs. | ) | Benton County |
| | ) | |
| DAVID W. FRAZEE, | ) | Honorable Julian P. Guinn |
| | ) | |
| Appellant. | ) | (Possession of Schedule VI |
| | ) | Controlled Substance) |
| | ) | |

FOR THE APPELLANT:

TERRY J. LEONARD
Attorney at Law
126 W. Main Street
P.O. Box 130
Camden, TN 38320

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

PATRICIA C. KUSSMAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

G. ROBERT RADFORD
District Attorney General

BETH BOSWALL
Asst. District Attorney General
P.O. Box 686
Huntingdon, TN 38344

OPINION FILED: _____

AFFIRMED

JAMES CURWOOD WITT, JR., JUDGE

**OPINION**

The defendant, David W. Frazee, appeals his Benton County Circuit Court conviction for possession of a Schedule VI controlled substance, a Class A misdemeanor. See Tenn. Code Ann. § 39-17-418(a) (1997). The trial court imposed a $250 fine and an eleven-month, 29-day jail sentence, six months of which is to be served in jail with the remainder to be served on supervised probation. In his appellate brief, the defendant raised two issues: (1) whether the convicting evidence was insufficient because the controlled substance was not properly made an exhibit to the forensic scientist's testimony, and (2) whether the trial court erred in not imposing an alternative sentence. During oral argument, however, the defendant's counsel conceded that there was no basis in the record for establishing his claim on the first issue. Accordingly, we have limited our review to the sentencing issue and have found no error requiring reversal. Thus, we affirm the judgment of the trial court.

The defendant was prosecuted for the sale of marijuana on the basis of an August 21, 1997 undercover drug purchase. The defendant acted as an intermediary between the undercover agent, who gave the defendant $125, and the defendant's cousin, who accepted the money and gave the defendant a package containing an ounce of marijuana to deliver to the agent. The defendant testified that he did not know that the material in the package was a controlled substance. Based upon these facts, a jury convicted the defendant of simple possession.

The trial court imposed the fine and the eleven-month, 29-day sentence on the same day the verdict was returned, despite the defendant's request for a delay in sentencing. The trial judge said, "I can always consider motions to lessen the sentence later." The defendant later moved for a new trial and a modification of the sentence. At the hearing on these motions, he presented court records of 70 general sessions court cases processed between 1993 and 1998 in

which defendants were sentenced for possession of marijuana. The average length of incarceration in those cases was 25 days. At the conclusion of the hearing, the trial court modified the sentence so as to require six months incarceration followed by five months and 29 days supervised probation. The motion for new trial was denied.

Against this factual backdrop, we consider the defendant's sentencing challenge.

In determining whether the trial court has properly sentenced an individual, this court engages in a *de novo* review of the record with a presumption that the trial court's determinations were correct. Tenn. Code Ann. § 40-35-401(d) (1997). In conducting our *de novo* review, we must consider the evidence at sentencing, the presentence report, the sentencing principles, the arguments of counsel, the statements of the defendant, the nature and characteristics of the offense, any mitigating and enhancement factors, and the defendant's amenability to rehabilitation. Tenn. Code Ann. § 40-35-210(b) (Supp. 1998); Tenn. Code Ann. § 40-35-103(5) (1997); Ashby, 823 S.W.2d at 168. On appeal, the appellant has the burden of showing that the sentence imposed is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Comments (1997); Ashby, 823 S.W.2d at 169.

In felony sentencing, the trial court has an affirmative duty to *state in the record*, either orally or in writing, which enhancement and mitigating factors it found and its findings of fact. Tenn. Code Ann. § 40-35-209(c) (1997); Tenn. Code Ann. § 40-35-210(f) (Supp. 1998); State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998). In contrast, the misdemeanor sentencing statute only requires that the trial court *consider* the enhancement and mitigating factors when calculating the percentage of the sentence to be served "in actual confinement" prior to "consideration for work release, furlough, trusty status and related rehabilitative programs." Tenn. Code Ann. §§ 40-35-302(d) (1997); Troutman, 979 S.W.2d at

3

274.

A separate sentencing hearing is not mandatory in misdemeanor cases, but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. See Tenn. Code Ann. §40-35-302(a) (1997). Misdemeanor sentences must be specific and in accordance with the principles, purpose, and goals of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. §§40-35-104, 302 (1997); Tenn. Code Ann. §40-35-117 (1997); State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). The misdemeanor offender must be sentenced to an authorized determinant sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. Generally, a percentage of not greater than 75% of the sentence should be fixed for a misdemeanor offender; however, a DUI offender may be required to serve 100% of his sentence. Palmer, 902 S.W.2d at 393-94. In determining the percentage of the sentence, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to the sentencing. Id.

Upon service of that percentage, the administrative agency governing the rehabilitative programs determines which among the lawful programs available is appropriate. The trial court retains the authority to place the defendant on probation either immediately or after a term of periodic or continuous confinement. Tenn. Code Ann. §40-35-302(e). The legislature has encouraged courts to consider public or private agencies for probation supervision prior to directing supervision by the Department of Correction. Tenn. Code Ann. §40-35-302(f). The governing statute provides that the trial court has continuing jurisdiction in misdemeanor cases and a wide latitude of flexibility. The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829 (Tenn. Crim. App. 1994).

4

Moreover, the provisions of the Tennessee Community Corrections Act of 1985 are not applicable to misdemeanants. See generally Tenn. Code Ann. § 40-35-106 (1997). Thus, the only sentencing alternatives available to misdemeanants are the payment of a fine and some form of probation. See Tenn. Code Ann. § 40-35-104 (c) (1997).

In determining whether to grant probation, the reviewing court considers "the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public." State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997).

In the case *sub judice*, the gravamen of the defendant's sentencing complaint is that he should have received straight probation, or in any event, no more than the average 25 days of confinement imposed upon other defendants convicted of the same crime.

At the time of sentencing, Frazee had no prior criminal convictions;[1] however, the trial court pointedly found that Frazee testified untruthfully when he claimed not to have known that the package he exchanged for $125 contained marijuana. In response to the defendant's claim of ignorance, the trial judge asked, "Do you think everybody in this courtroom is just a bumbling idiot? . . . Mr. Frazee, you know, sometimes the truth just serves you so much better." As we have often observed, a defendant's lack of credibility is an appropriate consideration in determining suitability for probation because it reflects on the defendant's potential for rehabilitation. See, e.g., Goode, 956 S.W.2d at 527; State v. Chestnut, 643 S.W.2d 343, 353 (Tenn. Crim. App. 1982). In the present case, the trial court made

---

[1] The record reflects that at least one other controlled substance sale case was pending against the defendant at the time of sentencing in the present case.

a credibility assessment that is supported by the record and to which we must defer. See State v. Raines, 882 S.W.2d 376, 383 (Tenn. Crim. App. 1994) (credibility assessments are entrusted to the trial court because that court has the opportunity to hear and see the witnesses in person and to judge their "manner and demeanor"). Given the defendant's lack of truthfulness, the trial court appropriately denied straight probation.

Thus, we take up review of the sentence actually imposed. In this respect, we are initially hampered by the trial court's failure to specify the percentage of service in confinement in its judgment form, as well as by the somewhat ambiguous statements the court made at the sentencing hearing.

Considering first the failure to state a percentage of service in the judgment form, we observe that as a general proposition, "[i]f no percentage is expressed in the judgment, the percentage shall be considered to be zero percent (0%)." Tennessee Code Annotated § 40-35-302(d) (1997). However, "[w]hen this court has been faced with a transcript of the sentencing hearing clearly indicating the trial court's intention that the defendant's percentage is not zero percent, . . . we have deferred to the trial court's express pronouncement as reflected in the transcript." State v. Dion Andres Russell, No. 03C01-9803-CR-00092, slip op. at 15 (Tenn. Crim. App., Knoxville, Apr. 7, 1999) (emphasis in original), applic. for perm. app. filed (Tenn. June 7, 1999); see also State v. Rickey Hailey, No. 02C01-9705-CR-00198, slip op. at 6 (Tenn. Crim. App., Jackson, May 14, 1998); State v. Roscoe C. Smith, No. 01C01-9502-CR-00031, slip op. at 3 (Tenn. Crim. App., Nashville, Oct. 12, 1995). In the present case, the record clearly demonstrates that trial court intended to impose jail time for a portion of the defendant's sentence. Thus, we may defer to the trial court's express pronouncements as revealed in the transcript.

In this regard, the trial court said, "[s]ix months of [the sentence] will

6

have to be served in confinement." Given the fact that the maximum percentage of service in a non-DUI misdemeanor is 75 percent, the questions presented are what percentage was intended and whether the percentage is applied to eleven months and 29 days or to six months.

We believe that the record as a whole reflects that the sentence the trial judge intended to impose was eleven months and 29 days. Even though the probation that the trial court awarded and that is authorized by Code subsection 40-35-302(e) does not equate to eligibility for rehabilitative programs that is described in subsection (d), we discern that the trial court's intent was to "fix a percentage of the *sentence"* by expressing the confinement time in terms of months rather than a numerical percentage. See Tenn. Code Ann. § 40-35-302(d) (1997) (emphasis added). Hence, the court essentially established an eleven-month, 29 day sentence to be served in confinement at 50 percent. This interpretation assures the confinement of six months which the trial court articulated. The grant of probation after the six months, or 50 percent, is served renders the eligibility for rehabilitative services superfluous, but we believe the above interpretation of the record comports with the expressed intent of the trial judge. We take this opportunity to point out that an appellate court can more precisely fathom the trial court's intent on such an issue if, in the trial court's sentencing regimen and its judgment, it squarely and expressly addresses the section 40-35-302(d) percentage issue.

Finally, we reach the question of whether this sentence is appropriate given the facts of this case. We begin by rejecting the argument that Frazee should receive no more than 25 days in jail because that was the average jail sentence imposed in 70 recent, local cases. Sentencing issues must be determined by the facts presented in each individual case. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1966). "Any case-by-case approach will embody discretion, since all of the appropriate facts and circumstances must be weighed and considered as a whole for the disposition of each case . . . ." Id. As we observed in State v. Michael Leon

7

<u>Chambers</u>, No. 01C01-9505-CC-00143, slip op. at 6 (Tenn. Crim. App., Nashville, June 20, 1996), "[t]here is no requirement for equal sentences among co-defendants." By analogy, this principle is equally applicable to the situation at bar.

Upon our *de novo* review, we conclude that the trial court followed the requirements of the sentencing law, and its determination is supported by the record. The defendant has failed to carry his burden of showing that the sentence imposed is improper. <u>See</u> Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Comments (1997); <u>Ashby</u>, 823 S.W.2d at 169.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JERRY L. SMITH, JUDGE

8