IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2007

STATE OF TENNESSEE v. VON ARLEN MCKINNEY

Direct Appeal from the Criminal Court for Hamblen County
No. 06CR063     John Dugger, Jr., Judge

No. E2007-00747-CCA-R3-CD - Filed December 29, 2008

The defendant, Von Arlen McKinney, was convicted of driving under the influence (DUI), third offense; driving on a revoked license, fourth offense; possession of drug paraphernalia; and violation of the implied consent law. He was sentenced to eleven months and twenty-nine days at seventy-five percent for his DUI offense; eleven months and twenty-nine days for driving on a revoked license, to run concurrent to the DUI; eleven months and twenty-nine days for possession of drug paraphernalia, to run concurrent to the other sentences; and eleven months and twenty-nine days for violation of the implied consent law, with five days to run consecutive to his other sentences, for a total effective sentence of eleven months and thirty-four days. On appeal, the defendant argues that the evidence was insufficient and that the sentence imposed was excessive. After careful review, we affirm the judgments from the trial court.

Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Greg W. Eichelman, District Public Defender, and D. Clifton Barnes, Assistant Public Defender (on appeal), and Jefferson Fairchild, Rogersville, Tennessee (at trial), for the appellant, Von Arlen McKinney.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Kimberly Morrison, Assistant District Attorney General, for the appellee, State of Tennessee.

OPINION

The defendant was arrested for driving under the influence after a Morristown Police Department officer observed him staggering toward the door of a convenience store after exiting his vehicle. Earlier, the officer had received a dispatch to be on the lookout for a small, black sport utility vehicle (SUV) after 9-1-1 received a phone call that the driver of the SUV was drunk. The officer saw a black SUV carrying three people. He followed the vehicle into the parking lot of a

convenience store. The officer saw two passengers wearing seat belts in the vehicle. The office also observed a person, the defendant, outside the vehicle "staggering pretty bad" and approached him. He asked the defendant to come to him, and the defendant complied.

The officer observed that the defendant's eyes were bloodshot, his speech was slurred, he "reeked of alcohol," and he staggered as he walked toward the officer. The defendant acknowledged that he had been drinking alcohol and smoking marijuana but claimed "that was a long time ago." The officer waited for back-up to arrive before he conducted the field sobriety test and, while they waited, he asked the defendant where he had been and where he was going. He said that the vehicle was registered to the defendant and that the defendant never denied being the driver of the vehicle. The officer attempted to administer the field sobriety test after the back-up officer arrived, but the defendant was unable to complete it and, thus, refused further testing. The defendant was arrested after he refused to submit to a blood alcohol test. A search of the vehicle revealed a pipe with drug residue. While transporting the defendant to jail, the officer learned that the defendant's driver's license was revoked. The defendant signed the implied consent form, refusing to submit to any sobriety tests at the police station.

In sentencing the defendant, the trial court noted that it considered that every defendant should be punished by the imposition of a sentence justly deserved in relation to the seriousness of the offense. The court also noted that confinement was necessary to avoid depreciating the seriousness of the offense and, thus, sentenced the defendant to a total effective sentence of eleven months and thirty-four days for the four convictions.

Analysis

The defendant argues that the evidence was insufficient to support his convictions of DUI, third offense, and driving on a revoked license, fourth offense. He argues that the officer made contradictory statements during the hearing on a motion to suppress and at trial and that the officer's changed statements persuaded the jury to convict the defendant. The record reflects that the defendant failed to object or raise this issue in his motion for new trial; therefore, this issue is subject to waiver under Tennessee Rule of Appellate Procedure 3(e).

Notwithstanding the defendant's failure to comply with the rules, there was sufficient evidence presented at trial to support the defendant's convictions. The officer testified that he followed the defendant's vehicle into a convenience store parking lot and observed the defendant staggering toward the store with the vehicle's driver's side door open and its engine running.

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the State's witnesses and resolves all conflicts in favor of the State. *State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003). Moreover, a guilty verdict removes the presumption of innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. *State v. Grace*, 493

S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *State v. Abrams*, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the triers of fact. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984); *State v. Brewer*, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

Here, we conclude that sufficient evidence was produced at trial for a trier of fact to find the defendant guilty beyond a reasonable doubt of driving under the influence. The offense of driving under the influence is codified at Tennessee Code Annotated section 55-10-401 and makes it:

> unlawful for any person to drive or to be in physical control of any automobile . . . driven on any of the public roads and highways of the state, . . . or any other premises which is generally frequented by the public at large, while: (1) under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system[.]

T.C.A. § 55-10-401.

In *State v. Butler*, 108 S.W.3d 845, 850 (Tenn. 2003), the Tennessee Supreme Court adopted a totality of the circumstances test for the purpose of determining whether a person was in physical control of a motor vehicle or driving a motor vehicle. The court specifically stated that the relevant factors the trier of fact should take into account include:

> the location of the defendant in relation to the vehicle, the whereabouts of the ignition key, whether the motor was running, the defendant's ability, but for his intoxication, to direct the use or non-use of the vehicle, or the extent to which the vehicle itself is capable of being operated or moved under its own power or otherwise.

*Id.*

Based upon the factors set forth by the supreme court, a reasonable trier of fact could conclude that the defendant was in physical control of the vehicle to support his conviction of driving under the influence. The defendant argues that the officer provided inconsistent testimony at a hearing on a motion to suppress and at trial. However, any inconsistency was resolved by the jury in favor of the State by virtue of the guilty verdict.

Next, the defendant argues that he was sentenced improperly for the offense of driving while his license was revoked. He contends that the trial court improperly sentenced him to serve eleven months and twenty-nine days for his conviction because it is the maximum sentence under the law. He argues that his crime "was no crime of such huge dimensions that justice would demand such a sentence imposed on the defendant."

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. *State v. Palmer*, 902 S.W.2d 391, 394 (Tenn. 1995). Generally, a percentage of not greater than seventy-five percent of the sentence should be fixed for a misdemeanor offender; however, a DUI offender may be required to serve one hundred percent of his sentence. *Palmer*, 902 S.W.2d at 393-94. In determining the percentage of the sentence, the trial court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. *Id.* One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumption of a minimum sentence. *State v. Humphreys*, 70 S.W.3d 752, 768 (Tenn. Crim. App. 2001).

A trial court is allowed greater flexibility in setting misdemeanor sentences than felony sentences. *State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999). No separate sentencing hearing is required, though the court must give the defendant a reasonable opportunity to be heard regarding the length and manner of service of the sentence. T.C.A. § 40-35-302(a).

The sentence must be specific and in accordance with the principles, purposes, and goals of the Sentencing Act. T.C.A. § 40-35-302(b); *State v. Palmer*, 902 S.W.2d 391, 393 (Tenn. 1995). A determinate sentence should be set with a percentage of not greater than seventy-five percent to be served in confinement. T.C.A. § 40-35-302(d). The trial court should consider the enhancement and mitigating factors when calculating the percentage of the sentence to be served in confinement. *Id.*; *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998).

Here, the defendant has not demonstrated that the trial court failed to follow the principles of sentencing or that the sentence was excessive. The trial court found two enhancement factors to be applicable and the sentence to be within the appropriate range. The trial court's findings are supported by the evidence; therefore, we affirm.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE