**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JUNE 1998 SESSION**

FILED

October 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 03C01-9707-CR-00305** |
| Appellee, | ) | |
| | ) | **BLOUNT COUNTY** |
| VS. | ) | |
| | ) | **HON. PHYLLIS MILLER,** |
| **RICHARD T. SMILEY,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Assault) |

FOR THE APPELLANT:      FOR THE APPELLEE:


**KEVIN W. SHEPHERD**
404 Ellis Ave.
Maryville, TN 37804

**JOHN KNOX WALKUP**
Attorney General & Reporter

**TODD R. KELLEY**
Asst. Attorney General
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN 37243-0493

**JERRY N. ESTES**
District Attorney General

**DORIS MATTHEWS**
Asst. District Attorney General
220 Carson St.
Madisonville, TN 37354-1130


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was indicted for aggravated assault. A jury found the defendant guilty of simple assault. Following a sentencing hearing, the trial court imposed an eleven month and twenty-nine day sentence, ordering the defendant to serve ten weekend days in jail with the balance on probation. In this appeal as of right, the defendant argues that the trial court improperly sentenced him and improperly instructed the jury. Finding no merit to the defendant's arguments, we affirm.

The fifty-four-year-old defendant had worked with Teresa Gourley as a painter, painting houses, barns, and other buildings. The defendant maintained that he and Gourley had an ongoing sexual affair, despite both of them being married to other people for a significant period of time. The victim, W. F. Bivens, is a truck driver. On November 21, 1995, he was at a C & G Market in Monroe County unloading fuel from his truck when Gourley, who was acting scared and was crying, ran to his truck. The victim knew Gourley; she had painted his barn on a previous occasion. Gourley sought refuge with him because the defendant had chased her and hit her with his van, knocking her to the ground.[1]

The victim drove Gourley to his next delivery point in Blount County, where they intended to call Gourley's husband. However, the defendant followed them, blocking Gourley's access to a telephone with his van. The defendant also circled the parking lot in his van, taking pictures of the victim and Gourley. The defendant demanded three hundred dollars ($300) in return for the photographs he had taken and said he was going to Wal-Mart to have the film developed.

---

[1]These events apparently resulted in reckless endangerment and assault charges in Monroe County.

The victim testified that the defendant had finally stopped his van at the rear of his (victim's) truck. He then walked to the back of his truck, believing that the defendant wanted to talk. Instead, the defendant jumped out of his vehicle and stabbed the victim's left-hand ring finger with a knife and drove away. After wrapping his finger in a rag, the victim retrieved his personal pick-up truck to drive to the hospital. On the way to the hospital, he stopped by Wal-Mart, where he spotted the defendant's van. He reported the stabbing to a police officer there. Later, the victim sought medical treatment at the hospital, where the injury to his finger required surgery because an artery had been severed.

The defendant's version of the events differ as to where and how the stabbing occurred. According to the defendant, he had seen Gourley and the victim together on a previous occasion and was jealous. He admitted taking pictures of them, but claims that Gourley offered him three hundred dollars ($300) for the film. He told Gourley he was going to Wal-Mart to have the film developed and then left. He drove to Wal-Mart, parked his van, and went inside the store to drop off the film and purchase other items. While he waited in his van for the film to be developed, Gourley and Bivens approached his van, hit his window with a pistol, and began threatening him. When Bivens grabbed his window, the defendant became scared and stuck his knife up to the window, cutting Bivens' hand.

The defendant was indicted for aggravated assault by using a deadly weapon to knowingly cause bodily injury, but after hearing the evidence, a jury found the defendant guilty of simple assault and fixed a fine of two thousand five hundred dollars ($2500). A sentencing hearing followed, at which neither side presented additional evidence. The trial court found that the defendant's lack of candor regarding how the stabbing occurred indicated he was a poor candidate for rehabilitation. The trial court

3

also found that the defendant and the public would benefit from some form of incarceration and that a sentence without incarceration would depreciate the seriousness of the offense. Further, the trial court noted that the defendant's actions involved a deadly weapon, affected more than one victim, and created a high risk to human life. The trial court also noted that the defendant's lack of prior criminal conduct was a mitigating factor. Considering all of this, the trial court imposed a sentence of eleven months and twenty-nine days, ordering the defendant to serve ten days in county jail with the balance on probation. The trial court also imposed a fine of two thousand five hundred dollars ($2500) and ordered the defendant to pay restitution. The defendant now appeals.

## I.

In his first issue on appeal, the defendant contends that the trial court erred in sentencing him. When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the defendant, as the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments.

In misdemeanor sentencing under the Sentencing Reform Act of 1989, trial judges must adhere to three principles. First, all misdemeanor offenders must be sentenced in accordance with the purposes, goals, and principles of the Criminal Sentencing Reform Act of 1989. T.C.A. § 40-35-302(b); see State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). Second, while a separate sentencing hearing is not mandatory, trial courts are required to allow the parties a reasonable opportunity to be heard on the question of the length of the sentence and the manner in which it is to be served. T.C.A.

4

§ 40-35-302(a); see Palmer, 902 S.W.2d at 393. Third, trial judges must set a release eligibility percentage not greater than 75%, or alternatively, "grant probation immediately or after a period of split or continuous confinement." Id. In the instant case, the defendant does not challenge the fact he was provided a reasonable opportunity to be heard on the length and manner of service of his sentence. Rather, the defendant argues that the trial court erred by failing to adhere to the principles, goals and purposes of the Sentencing Reform Act and by failing to set a release eligibility percentage.

The defendant contends that he was entitled to immediate probation and that the trial court failed to follow the principles of the Sentencing Reform Act by ordering him to serve ten days incarcerated. We disagree. Although he disputes the details of the stabbing, the defendant admitted stabbing the victim and circling a parking lot several times in his van while taking pictures of the victim and Gourley. Prior to this, the defendant chased and hit Ms. Gourley with his van in the parking lot of the C & G Market in Monroe County, resulting in reckless endangerment and assault charges. The trial court specifically found that the defendant and the public would both be served by some form of incarceration and that a sentence without incarceration would depreciate the seriousness of the offense. The trial court also specifically found that the defendant lacked candor, which is probative of the defendant's potential for rehabilitation. Considering all of this, the defendant has not shown how a ten-day period of incarceration is improper.

The defendant also argues that the trial court erred in failing to set a release eligibility percentage. Here, the trial court imposed a sentence of eleven months and twenty-nine days, ordering the defendant to serve ten days in confinement with the balance on probation. Because of the trial court ordered probation following a period of confinement, it did not need to set a release eligibility percentage. See Palmer, 902

5

S.W.2d at 393.

The defendant makes two other brief contentions. The defendant argues that the trial court improperly considered his gender in sentencing him, thus violating the sentencing principle stated in T.C.A. § 40-35-102(4) that sentencing must exclude consideration of one's gender. After a review of the record, we find no support for the defendant's contention; merely mentioning a defendant's gender does not equate with considering it as a factor in sentencing the defendant.

The defendant also contends that the trial judge erred in following her preference "to start in the mid range on a misdemeanor sentence." The defendant contends that by allowing each trial judge to follow his or her preference---whether that be to start in the low-, mid-, or high-range---unjustified disparity between offenders' sentences results, in violation of a stated purpose of the Sentencing Reform Act. See T.C.A. § 40-35-102(2). The defendant's argument assumes, however, that all judges prefer to start at a different point in the range. There simply is no evidence to prove that contention. Even so, in the instant case, the trial judge's preference "to start in the mid range" does not violate the Sentencing Reform Act. Unlike the felon, the misdemeanant is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). Moreover, nowhere in the Sentencing Reform Act does the Legislature specify where in the appropriate sentencing range a trial judge should begin the sentencing process on a misdemeanor charge, allowing a trial judge certain discretion in sentencing misdemeanor offenders. This discretion allows trial judges to begin anywhere in the appropriate sentencing range they choose, without violating the purpose stated in § 40-35-102(2). Accordingly, the trial judge's preference in the instant case to begin in the mid-range of the applicable sentence was not error.

## II.

In his second issue on appeal, the defendant argues that the trial court improperly instructed the jury. Following closing arguments, the trial court instructed the jury on the offenses of knowing aggravated assault, reckless aggravated assault, reckless endangerment, and simple assault.[2] First, the defendant contends that he is entitled to a reversal because the trial court failed to instruct the jury on all definitions of simple assault.

Simple assault, a lesser grade offense of aggravated assault, is committed when a person "(1) Intentionally, knowingly or recklessly causes bodily injury to another; (2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or (3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative." T.C.A. § 39-13-101(a)(1)-(3). Simple assault committed by violating subsections (1) or (2) is a Class A misdemeanor, but assault committed by violating subsection (3) is a Class B misdemeanor. § 39-13-101(b). Here, the trial court instructed the jury as to simple assault under subsection (1), but did not instruct the jury under subsections (2) and (3), which the defendant claims was error. We disagree.

Defendants are entitled to jury instructions on all lesser included offenses and on all offenses which are a lesser grade or class of the charged offense, but only if the evidence would support a conviction for the offense. State v. Trusty, 919 S.W.2d 305, 311 (Tenn. 1996). Here, it is undisputed that the defendant stabbed the victim's hand, inflicting bodily injury on the victim. Neither party presented any evidence that the

---

[2]The record contains a written copy of the jury instructions, but not a transcription of the instructions as read to the jury, which this Court has repeatedly admonished is generally necessary to facilitate full appellate review of issues involving jury instructions. However, because there is no apparent dispute in the instant case about what instructions were read to the jury, we will review the issue presented.

defendant's actions caused the victim to reasonably fear bodily injury or that the defendant's contact with the defendant was extremely offensive or provocative. See § 39-13-101(a)(2)-(3). Thus, the defendant was not entitled to instructions on the definitions of simple assault found in § 39-13-101(a)(2)-(3).

The defendant also argues that the trial court erred in defining two terms that were not explicitly mentioned in the indictment, specifically, the term "intentionally," which was defined in conjunction with the charge on knowing aggravated assault, and the term "serious bodily injury," which was defined in conjunction with the charge on reckless endangerment. The defendant contends that giving these two instructions were misleading and confusing to the jury and thus, a reversal is warranted. We disagree.

The indictment charges the defendant with "unlawfully and knowingly caus[ing] bodily injury to W.F. Bivens by the use of a deadly weapon, to-wit: a knife, in violation of Tennessee Code Annotated, Section 39-13-102." We are convinced that the indictment as written was sufficient to put the defendant on notice of the charges against him. As such, we do not find error with the trial court instructing the jury on the definition of "intentionally."

Moreover, we conclude that the instruction for "serious bodily injury" was not error because the elements of reckless endangerment, a lesser grade offense of aggravated assault, may be charged so long as there is evidence to support it. See Trusty, 919 S.W.2d at 311. Here, there was evidence to support a finding of serious bodily injury, which includes the protracted loss or substantial impairment of a function of a bodily member, because the injury to the victim's finger severed an artery and required surgery. Even if charging the jury on serious bodily injury was error, we conclude it was harmless beyond a reasonable doubt because the defendant was not

found guilty of reckless endangerment.

In sum, we find no merit in the defendant's arguments on appeal. Accordingly, the defendant's conviction and sentence for assault is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
DAVID G. HAYES, Judge

9