IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2017

## STATE OF TENNESEE v. ZACKARY JAMES CHILDRESS[1]

**Appeal from the Circuit Court for Lincoln County**
**No. 2016-CR-120    Forest A. Durard, Jr., Judge**

_____

### No. M2017-00753-CCA-R3-CD

_____

The Defendant, Zackary James Childress, entered an open guilty plea to two counts of simple possession of a Schedule II controlled substance, one count of simple possession of a Schedule VI controlled substance, and one count of possession of drug paraphernalia. The trial court held a sentencing hearing and sentenced the Defendant to eleven months and twenty-nine days at seventy-five percent release eligibility on each count. On appeal, the Defendant argues that his sentences are excessive and that the trial court erred in denying alternative sentencing. After a review of the record, we determine that the trial court did not abuse its discretion, and we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Donna L. Hargrove, District Public Defender, and William J. Harold, Assistant Public Defender, for the appellant, Zackary James Childress.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Robert J. Carter, District Attorney General; and Ann Filer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

---

[1] We note that the Defendant's name is sometimes spelled as "Zachary" in the record.

## FACTUAL AND PROCEDURAL HISTORY

The Defendant was indicted on possession of less than 0.5 grams of a Schedule II controlled substance for resale, possession of less than 0.5 grams of a Schedule II controlled substance for delivery, simple possession of a Schedule VI controlled substance, and possession of drug paraphernalia. The Defendant entered a guilty plea to two counts of simple possession of a Schedule II controlled substance, one count of simple possession of a Schedule VI controlled substance, and one count of possession of drug paraphernalia. The two counts of simple possession of a Schedule II controlled substance were merged. There was no agreement as to the length or manner of service of the sentences.

At the guilty plea hearing, the State proffered the factual basis for the Defendant's guilty pleas. The State asserted that on February 24, 2016, Lincoln County deputies responded to a telephone call that drugs were being sold out of a particular residence. The owner of the property consented to a search of the residence and advised the officers that two men were inside the residence at that time. The officers found the Defendant fully dressed in his bed. They searched the Defendant and found a plastic bag containing 0.12 grams of methamphetamine in his pants pocket. Two small plastic bags of marijuana and a set of digital scales were found in a black jacket that was located next to the Defendant. The officers advised the Defendant of his rights, after which the Defendant stated that he recently had purchased an "eight ball" of methamphetamine from another individual.

At the subsequent sentencing hearing, the State introduced the Defendant's juvenile records for various charges, including adjudications for vandalism over $1,000 and violation of probation. The State noted that the vandalism adjudication would have been a felony if the Defendant had been an adult at the time and that the probation violation was for the vandalism adjudication. As an adult, the Defendant had a misdemeanor conviction of an assault on a minor and two distinct misdemeanor convictions of contributing to the delinquency of a minor. The Defendant had received a community corrections sentence for one felony conviction of burglary of an automobile, two misdemeanor convictions of theft under $500.00, one misdemeanor conviction of fraudulent use of a credit card, and one felony conviction of theft over $500.00. The State also showed that the Defendant's failure to pass drug screenings, failure to make the required payments, and failure to reside where the Defendant had reported he was residing resulted in the revocation of his community corrections sentence. The Defendant also had a misdemeanor domestic violence conviction in Alabama, for which he was sentenced to probation that was later revoked. A week after the guilty plea was entered in this case, the Defendant was arrested and charged with domestic assault, and this charge was still pending at the time of the sentencing hearing.

The Defendant testified during the sentencing hearing that his drug use began when he was about fifteen years old and had continued for the past twelve years. He stated that his drug use played a role in his criminal history and that he stole to support his drug habit. He further testified that no drugs were involved in his domestic assault conviction in Alabama. The Defendant explained that he never had the opportunity to have rehabilitation for his drug problem, stating that he had been to prison twice and that there's "nothing but drugs in there." He acknowledged that he never tried to go to drug rehabilitation on his own. He agreed that the first time he had requested rehabilitation was on the day of the sentencing hearing. He acknowledged that he never asked his community corrections officer to place him in a rehabilitation program or to help him locate a rehabilitation center.

The Defendant further testified that he violated parole as a result of his current charges. He stated, "I did everything like I was supposed to. I was just at the wrong place at the wrong time …." He testified that he served ten months on his parole violation. The Defendant also testified that he had obtained his associates degree and was currently working in construction. When asked what he would like the trial court to do with these charges, the Defendant stated, "[I]nstead of sticking me in jail, like always, give me some help."

The trial court applied four enhancement factors: the Defendant had a previous history of criminal convictions; he failed to comply with the conditions of a sentence involving release into the community; he was released on parole at the time the offenses occurred; and he had a juvenile adjudication that would constitute a felony if committed by an adult. *See* T.C.A. § 40-35-114(1), (8), (13), and (16). Defense counsel conceded that these enhancement factors were applicable. The trial court applied one mitigating factor: the Defendant's criminal conduct neither caused nor threatened serious bodily injury. *See* T.C.A. § 40-35-113(1). The trial court merged the two counts of simple possession of a Schedule II substance into a single conviction. The Defendant was sentenced to eleven months and twenty-nine days at seventy-five percent for each count, with the mandatory minimum fine for each respective count. Finding that the Defendant had an extensive criminal history within a relatively short period of time, the court determined that the sentences for the simple possession of a Schedule II substance and the simple possession of a Schedule VI substance would run concurrently with one another and consecutively to the sentence for the simple possession of drug paraphernalia. This effectively resulted in two consecutive sentences for eleven months and twenty-nine days.

In determining whether to grant alternative sentencing, the trial court noted that because the offenses were for misdemeanors, there was no presentence report available. The court looked at the mental and physical condition of the Defendant, his social

history, his prior criminal history, and his character. In considering whether the Defendant might reasonably be expected to be rehabilitated, including the risk that the Defendant would commit another crime during a probationary period, the court noted that the Defendant's past failures to comply with alternative sentencing indicated that he would continue to do so in the future. The court stated that "honestly, the past history looks terrible." In determining whether the interest of society would be protected from possible future criminal conduct, the court considered the Defendant's domestic violence arrest that occurred a week after he entered his guilty plea in this case. The court noted that measures less restrictive than confinement had been recently applied and proven unsuccessful. The court considered whether full probation would unduly depreciate the seriousness of the offenses, but stated that it did not necessarily find the offenses horrifying, shocking, or reprehensible. The court also considered whether confinement would be particularly suited to provide an effective deterrent but did not give it "a great deal of weight." The court also explained that the only portion of the Defendant's juvenile record that it was considering was the vandalism adjudication, which would have been a felony if the Defendant had been an adult at the time it was committed. The court noted that the Defendant's adult convictions were enough to deny alternative sentencing, but that the juvenile record did indicate further whether the Defendant would be able to comply with the terms of probation. The trial court denied any form of alternative sentencing, and the Defendant timely appealed.

## ANALYSIS

The Defendant argues that the trial court erred in sentencing him to consecutive sentences, that the weight given to the applicable enhancement and mitigating factors did not comply with the purposes and principles of the Sentencing Act, and that the trial court erred in denying him alternative sentencing. The State argues that the trial court did not abuse its discretion. We agree with the State.

### I. Sentence Length

A separate sentencing hearing is not mandatory for misdemeanor sentencing, but the trial court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of service of the sentence. T.C.A. § 40-35-302(a). Tennessee Code Annotated section 40-35-302 controls misdemeanor sentencing, and the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. *State v. Palmer*, 902 S.W.2d 391, 394 (Tenn. 1995). The misdemeanor offender must be sentenced to an authorized determinate sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. T.C.A. § 40-35-302(d). Generally, a percentage of not greater than seventy-five percent of the sentence should be fixed for a misdemeanor offender. *Palmer*, 902

S.W.2d at 393-94. In determining the percentage of the sentence, the trial court must consider the legislative purposes and principles related to sentencing. *Id.* There is no requirement for the trial court to make a finding on the record when setting the percentage of the sentence to be served. *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998).

Sentencing decisions by a trial court are generally reviewed for abuse of discretion, with a presumption of reasonableness granted to within-range sentences that reflect a proper application of the purposes and principles of sentencing. *State v. Bise*, 380 S.W.3d 682, 707-08 (Tenn. 2012). A trial court abuses its discretion when it applies an incorrect legal standard, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party. *State v. Herron*, 461 S.W.3d 890, 904 (Tenn. 2015). Our supreme court has not specifically held whether the *State v. Bise* standard of review applies to misdemeanor sentencing, but it has held that *Bise* "applies to all sentencing decisions." *State v. King*, 432 S.W.3d 316, 324 (Tenn. 2014) (citing *State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013)). This court has accordingly held that the *Bise* standard of review does apply in misdemeanor sentencing cases. *See State v. Bobby E. Lee*, No. M2016-02084-CCA-R3-CD, 2017 WL 1806825, at *2 (Tenn. Crim. App. May 5, 2017), *no perm. app. filed* (citing cases).

A sentence will be upheld so long as it is within the appropriate range and "there are other reasons consistent with the purposes and principles of sentencing, as provided by statute." *Bise*, 380 S.W.3d at 706. We note that ranges are not included for misdemeanor sentencing and that the trial court is given great flexibility in imposing the length of a misdemeanor sentence up to eleven months and twenty-nine days. *Palmer*, 902 S.W.2d at 393; *State v. Boyd*, 925 S.W.2d 237, 244 (Tenn. 1995).

The Defendant argues that the trial court improperly weighed the applicable factors by giving too much weight to the Defendant's criminal history. However, "mere disagreement with the trial court's weighing of a properly assigned enhancement and mitigating factors is no longer ground for appeal." *Bise*, 380 S.W.3d at 706.

The Defendant also appears to challenge the imposition of consecutive sentencing. Such challenges are also reviewed for an abuse of discretion with a presumption of reasonableness, *Pollard*, 432 S.W.3d at 859, and a trial court need only find by a preponderance of the evidence that one criterion in Tennessee Code Annotated section 40-35-115(b) is satisfied to impose consecutive sentencing. Here, the record supports the trial court's finding that the Defendant had an extensive record of criminal activity, which included two felony and multiple misdemeanor convictions as an adult and one adjudication as a juvenile that would have been a felony if committed by an adult. *See*

T.C.A. § 40-35-115(b)(2). Accordingly, we hold that the trial court did not abuse its discretion in imposing partial consecutive sentences.

## II. Alternative Sentencing

The Defendant also argues that "some form of alternative sentence, preferably one with a strong drug rehabilitation component" would have been a more appropriate sentence. A defendant convicted of misdemeanors is not presumed to be eligible for alternative sentencing. *State v. Williams*, 914 S.W.2d 940, 949 (Tenn. Crim. App. 1995); *State v. Lora Ashley*, No. M2008-01563-CCA-R3-CD, 2009 WL 890890, at *3 (Tenn. Crim. App. Mar. 26, 2009). A trial court may deny alternative sentencing when:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1). "When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public." *State v. Brian Allen Cathey*, No. E2015-01284-CCA-R3-CD, 2016 WL 2641766, at *3 (Tenn. Crim. App. May 6, 2016) (citations omitted). The court should also consider the defendant's truthfulness in determining whether to grant probation. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983).

Here, the trial court found that confinement was necessary to protect society and that the Defendant had a long history of criminal activity. *See* T.C.A. § 40-35-103(1)(A). The Defendant's history consisted of three felony convictions, multiple misdemeanor convictions, and a juvenile adjudication that would have been a felony if committed by an adult. Moreover, the Defendant was arrested on an additional charge merely a week after entering his guilty plea in this case. The trial court also found that less restrictive measures had been applied recently and yielded unsuccessful results. *See id.* § 40-35-103(1)(C). Specifically, the Defendant's sentences involving probation and community corrections had previously been revoked, and the Defendant violated parole by pleading

guilty to these charges. Consequently, the trial court did not abuse its discretion in ordering the Defendant to serve his sentences in incarceration.

## CONCLUSION

Based on the foregoing, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE